[Crim. No. 71. Third Appellate District.—October 31, 1908.]

## THE PEOPLE, Appellant, v. WILLIAM GULLIVER COOMBS, Respondent.

CRIMINAL LAW—PERJURY—ORDER SETTING ASIDE INFORMATION—AP-
PEAL—SUFFICIENCY OF COMPLAINT—POSITIVE AVERMENT—PRESUMP-
TION.—Upon appeal from an order setting aside an information for
perjury in an oath to secure registration in 1908, that the defendant
was born in San Francisco, when in truth he was born in England, it
appearing that one of the grounds of the order was the insufficiency
of the complaint, which purports to charge the perjury in positive
terms, though it is claimed by defendant that the complainant was
too young to know the place of defendant's birth, and must have
stated that fact upon information and belief; yet, as his age does
not appear in the record, it must be presumed that the complain-
ant spoke from personal knowledge; and the question whether a
complaint charging perjury upon information and belief, without
other support, is insufficient in law, is not before this court for re-
view.

ID.—INSUFFICIENCY OF EVIDENCE TO WARRANT COMMITMENT—PROBABLE
CAUSE SUFFICIENT—CONFLICTING AFFIDAVITS FOR REGISTRATION.—
When the only remaining ground for the order setting aside the
information was insufficiency of the evidence to sustain the com-
mitment, that ground is not tenable in support of the order, it be-
ing sufficient that probable cause appears for the commitment; and
when conflicting affidavits for registration made in 1906 and 1908
were before the magistrate, in the first of which defendant swore that
he was born in England, and was naturalized in San Francisco, and
in the latter swore that he was born in San Francisco, the magistrate
had probable cause to hold the defendant to answer for perjury in
the latter affidavit.

APPEAL by the people from an order of the Superior
Court of Plumas County setting aside an information. John
D. Goodwin, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney General, and J. Charles Jones, for
Appellant.

CHIPMAN, P. J.—Defendant was informed against for the
crime of perjury alleged to have been committed in register-

ing as a voter. When called upon to plead in the superior court he demurred to the information and also filed a motion to set it aside upon the following grounds: That prior to the filing of the information against him he had not been legally committed by a magistrate because of the insufficiency of the complaint filed in the magistrate's court. This alleged insufficiency consisted in the claim that the said complaint was not based upon the personal knowledge of the complaining witness; that no depositions of persons knowing the facts of the case of their own personal knowledge were attached to said complaint or made part thereof, and hence the issuance of the warrant of arrest was illegal and void; that the commitment and the succeeding proceedings were illegal and void; "that the testimony of the two witnesses, H. P. McBeth and W. M. Cleveland, consisted entirely of questions and answers touching their qualifications to administer oaths and regarding statements made by defendant at two different times and in a manner contradictory to each other, but no attempt was made or was any evidence offered to prove which of the two statements was true or which was false."

The information charged that defendant, in making oath at the time his name was placed upon the great register, in 1908, declared that he was born in San Francisco, California, whereas in truth he was born in England. No objection was made as to the sufficiency in point of form either of the information, the warrant of arrest or commitment. But it was further objected "that though the complaint (filed in the magistrate's court) appears on its face as sworn to, that M. C. Kerr, the complainant (district attorney), makes complaint upon his own personal knowledge and not upon information and belief, his affidavit of registration on file in the office of the county clerk of Plumas county shows that at the time of the birth of the defendant the complaining witness was an infant of the age of about one year," and hence he could not have made the complaint otherwise than upon information and belief, which it is claimed is wholly insufficient. The trial court made an order setting aside the information, and the people appeal.

The testimony of County Clerk McBeth and his deputy, Cleveland, was that the defendant registered in 1906, making oath that he was born in England, and that upon registering

in 1908 he made oath that he was born in San Francisco, California. The respondent has filed no brief.

As to the objection to the complaint that it was made upon information and belief, the record fails to support the claim that the complainant was at the birth of defendant too young to personally know where defendant was born, and hence must have deposed upon information and belief only. If such was the fact, it should have been made to appear, for error will not be presumed. For all that appears, the complaining witness was a much older man when he swore to the complaint than as stated in the objection made. We must. assume it to be true that the complaining witness deposed from personal knowledge, as the complaint on its face so shows. The question, therefore, whether a complaint charging perjury upon information and belief, otherwise unsupported, is insufficient in law is not before us for review.

But it was urged in support of the motion that the evidence taken before the magistrate was wholly insufficient to justify the making of the order of commitment. It was proved that on January 31, 1908, defendant signed and verified an affidavit stating that he was born in San Francisco, California. It was also proven that on June 16, 1906, he had signed and verified an affidavit stating that he was born in England and had been naturalized in San Francisco. We think there was enough in the two contradicting affidavits of defendant to establish probable cause for holding him to answer the charge made.

Section 872, Penal Code, provides that if it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, the magistrate must issue the commitment. The terms ''sufficient cause'' here mentioned mean, we think, about the same as the terms ''probable cause'' in the *habeas corpus* act, Penal Code, section 1487. We held in the *Matter of Jesse Heacock,* 8 Cal. App. 420, [97 Pac. 77], that though the evidence was insufficient to warrant conviction it was sufficient to establish probable cause. So here the evidence shows that there was sufficient cause appearing to the magistrate that a public offense had been committed and that the defendant was guilty thereof. The attorney general makes the point that insufficiency of the evidence is not mentioned among the statutory grounds (Pen. Code, sec. 995) upon which an information

may be set aside, and hence the court was without the power to consider the objection. We do not find it necessary to decide the question.

The order setting aside the information is reversed and the cause remanded for further proceedings.

Hart, J., and Burnett, J., concurred.