[Crim. No. 2118. First Appellate District, Division One.—January 24, 1940.]

In the Matter of the Application of DOMINGO MARTINEZ for a Writ of Habeas Corpus.

Kenneth Carlton Zwerin for Petitioner.

Matthew Brady, District Attorney, and Preston Devine, Deputy District Attorney, for Respondent.

PETERS, P. J.— Martinez petitions this court for a writ of *habeas corpus* on the ground that he was held to answer for trial without reasonable or probable cause. Attached to the petition is a complete transcript of proceedings taken before the committing magistrate. It is disclosed therein that petitioner, John Contreras, and Jess J. Garcia, were charged with robbery, to which charge they all pleaded not guilty. At the preliminary hearing, the complaining witnesses were unable to identify any of accused. Following his arrest, Contreras signed a written statement confessing the robbery, and implicating Garcia and petitioner. This statement was made out of the presence of Martinez and was not under oath. Garcia, prior to the hearing, signed the statement made by Contreras. This statement was admitted into evidence and was, of course, sufficient to hold Contreras and Garcia for trial. The petitioner, however, at the time of his arrest and up to the time of the preliminary hearing, denied that he had participated in the robbery. At the hearing, when Contreras' written statement was admitted into evidence, upon objection of counsel for the petitioner, the deputy district attorney stated that he was offering the statement only against Contreras and Garcia, and expressly stated that the statement was not offered as evidence against petitioner. The committing magistrate properly held that the statement, having been taken out of the presence of petitioner, was hearsay as to him, and did not constitute any lawful evidence tending to connect him with the crime. There was no other

evidence offered in any way tending to connect petitioner with the offense charged. Nevertheless, the court below held petitioner to answer.

While it is true, of course, that a committing magistrate may hold a defendant to answer, although the evidence before him would not support a verdict of guilty (7 Cal. Jur., sec. 120, p. 983), under the provisions of section 872 of the Penal Code a defendant can only be held to answer when it appears from the evidence that "there is sufficient cause to believe the defendant" committed the offense charged. The term "sufficient cause" means the same as "reasonable and probable" cause. (*People* v. *Coombs,* 9 Cal. App. 262 [98 Pac. 686].) A commitment based entirely on hearsay or incompetent evidence is unauthorized. (7 Cal. Jur., sec. 120, p. 984.) That is the situation presented on the present record. It is obvious, therefore, that the writ should issue.

It should be mentioned that the record shows that petitioner is also charged with another separate offense of robbery. This present proceeding applies only to the charge involved before the committing magistrate at the hearing of November 24, 1939.

At the time this cause was on this court's calendar for oral argument (January 22, 1940), the writ was ordered issued from the bench. This opinion is filed to conform with constitutional requirements.

Knight, J., and Ward, J., concurred.