[Crim. No. 4218. Second Dist., Div. Three. Sept. 13, 1948.]

THE PEOPLE, Respondent, v. WILLIAM LOPEZ et al., Defendants; EDWARD W. KWOK, Appellant.

Samuel A. Miller and John J. Barnwell for Appellant.

Fred N. Howser, Attorney General, and Henry A. Dietz, Deputy Attorney General, for Respondent.

SHINN, P. J. — Edward W. Kwok, William Lopez and Richard Lopez, were jointly charged by information with robbery from the person of one Ellen Berry of jewelry of the value of $8,400 and $15 in money, and by the same information of conspiracy to commit said robbery. On motion of the district attorney the charges were dismissed as to William Lopez and he testified for the State. Defendants Kwok and Richard Lopez were tried without a jury and convicted of both offenses. Kwok appeals.

The sole ground of the appeal is insufficiency of the evidence at the preliminary examination to justify the filing of the information, and insufficiency of the evidence at the trial to prove the commission of either offense.

Defendant Kwok made a motion under section 995, Penal Code, to set aside the information upon the ground that he had been committed without reasonable or probable cause. This motion was denied. The argument presented here attacks this ruling on the theory that one Jose Vargas was an accomplice in the crimes and that his testimony which tended to implicate Kwok was entirely uncorroborated and further, if he were not an accomplice, that his testimony and that of the other witnesses wholly failed to establish probable cause for the belief that Kwok was guilty. (*In re Martinez*, 36 Cal.App. 2d 687 [98 P.2d 528].) The evidence at the preliminary developed the following facts: Kwok, a Chinese, was an auctioneer and had been employed by the Gregory Auction Company of Los Angeles for six years. Mrs. Berry had purchased many articles of jewelry from him, of a total value of $6,000 or $8,000. For some two years or more she had been an almost daily attendant of the auction sales, and made a practice of wearing valuable rings and a diamond wrist watch. On August 21, 1947, in the late afternoon, while she was pursuing her customary way to her apartment on foot, she was set upon by William and Richard Lopez on the street, knocked down, rendered unconscious and robbed of her rings and watch. The Lopez boys, who are cousins, fled in a small truck. Jose Vargas was a friend of defendant Kwok, with whom he had been in a venture some months before in the purchase and disposal of a stock of drugs and sundries. Vargas testified that he had introduced the Lopez boys to Kwok some weeks before the robbery; that on August 20th, Kwok asked Vargas to arrange for the rental of a truck, telling Vargas that he desired to move some goods to Chinatown; Vargas did not have the financial ability to do this and so informed Kwok; on the following morning Kwok and Vargas went to a rental establishment where they met William Lopez; Kwok rented a truck in his own name, made the required deposit and turned the truck over to Vargas, who drove it away, accompanied by William. Near by, they picked up Richard Lopez and drove to Vargas' home, then to his sister's home, where Vargas turned over the truck to the Lopez boys in the early afternoon. These boys drove around until it was time for Mrs. Berry to be on her way home and they then parked the truck on the street, where they waited for her and committed the robbery. Vargas also testified that the same evening he and the Lopez boys met at Vargas' home where he saw William Lopez hand over to Kwok a handkerchief, the contents of which

he did not notice. He denied all knowledge of the proposed robbery but he gave no explanation of the fact that he had let the Lopez boys have the truck, other than that he had no use for it at the time. The stolen jewels were not recovered. Vargas was arrested on suspicion of robbery and was released after the police investigation. William and Richard Lopez retained the truck after the robbery, had an accident with it the same night, were arrested and held on suspicion of theft of the truck. Kwok appeared at police headquarters with the owner of the truck and procured the release of the boys. Kwok stated to one of the officers that the Lopez boys were working for him, hauling some stuff to a place he was building in new Chinatown. When asked by the officer the address of the place Kwok said it had no address and that the boys had his permission to use the truck. The Lopez boys had made confessions which were introduced at the preliminary examination.

It is earnestly insisted that the only reasonable conclusion from the testimony given by Vargas is that he was an accomplice in the commission of the offenses; that his testimony was wholly without corroboration and insufficient to establish sufficient cause for holding Kwok for trial. We cannot agree with this contention. The question whether Vargas was an accomplice was one of fact, and in our opinion it was not an unreasonable inference that he assisted in renting the truck for Kwok and for the use of the Lopez boys, without knowledge of the fact that it was proposed to be used in the perpetration of the robbery. There was no evidence other than that which has been related which tended to show that he had knowledge that the Lopez boys were planning the robbery. In testifying at the preliminary Vargas denied that he had turned the truck over to the boys with the consent or at the direction of Kwok. The truth of this testimony might well have been questioned by the court, since Vargas gave no reasonable explanation of his action. But even so, this circumstance was reconcilable with ignorance as to the plans of the Lopez boys for using the truck. It may be worthy of note that after the police investigation of the story told by Vargas he was released from custody, presumably for the reason that no additional evidence was discovered which would tend to connect him with the commission of the offenses. The evidence did not establish as a matter of law that Vargas was an accomplice. In addition to his testimony there was significant circumstantial evidence. The robbery was carefully planned. It was not the sort of

crime to be conceived and carried out by two young Mexican boys. Kwok was the one who knew of the practice of Mrs. Berry to wear her valuable rings and that she would be an easy victim of a robbery. Unquestionably, the Lopez boys intended to use the truck to make their escape after the robbery had been committed, and it would appear strange indeed that they would have conceived the idea of getting the use of a truck through the assistance of Kwok. Vargas and Kwok had rented a truck upon a former occasion and it would seem that one or the other of them suggested that they follow the same practice, namely, that Kwok rent the truck and Vargas drive it. Kwok's statement to the officer as to the use he intended to make of it was unsatisfactory, if not wholly false, and his statement to other officers that the Lopez boys were working for him tended to prove that he had rented the truck for their use. It is to be remembered that when Kwok arranged to rent the truck William Lopez was present with Vargas and rode away in the truck, and Richard Lopez was picked up near by. We do not find that the evidence was insufficient to warrant the committing magistrate in holding the defendant Kwok to answer or to warrant the filing of the information against him.

It was stipulated at the trial that the testimony given at the preliminary might be received in evidence, and that additional evidence might be offered by the People and defendants. Vargas testified at the trial that Kwok had directed him to deliver the truck to the Lopez boys. At the commencement of the trial the charges were dismissed as to William Lopez. His testimony in the main corroborated that of Vargas, and it added nothing to the testimony of Vargas himself which tended to connect the latter with the offenses. William testified that when he and Richard were introduced to Kwok by Vargas, Kwok promised them employment; that some two weeks before the robbery he gave William a check for $50 stating that he, William, would be furnished employment and that he would be working for Kwok. This check, payable to cash, was introduced in evidence together with testimony that it had been cashed and the money given to a woman to whom, William testified, he had turned over the check to be cashed. Kwok testified that the check had been given to Vargas, but this was denied by Vargas. The check did not bear the endorsement of either William Lopez or Vargas. William also testified that some 10 days before the robbery Kwok had suggested it and promised him $200 if he would bring back Mrs. Berry's rings and watch; that when Mrs. Berry was seated in the

auction room, close to Kwok, the latter held up her hand to exhibit the rings and to identify her to William; that Kwok drove William out to the vicinity of Mrs. Berry's apartment, some 10 blocks from the auction house, explained her habits of returning home from the auction room, followed the boys in his car on occasions when they were trailing Mrs. Berry, picked them up when they lost track of her and assisted them in finding her, and gave explicit directions as to what they were to take from her when they robbed her. William also testified that he reported to Kwok that they had been prevented from committing the robbery by the presence of other persons and that Kwok had urged him to try again; that he, William, remonstrated over the use of violence upon Mrs. Berry in the robbery, saying that he thought she was too old to "take it"; that he also told Kwok they would have difficulty in escaping after the robbery and that they would need a car parked near by, and that Kwok then arranged to rent a small truck to be used in their escape. The details of the rental of the truck, of the robbery and of the meeting with Kwok after the robbery, were all arranged on the evening before the robbery and were carried out as arranged. William testified that the rings and wrist watch were delivered to Kwok wrapped in a handkerchief at the time and under the circumstances testified to by Vargas. He also testified that he and Richard were each to receive $200 from Kwok for committing the robbery, that they had several meetings with Kwok in Chinatown after the robbery, demanded to be paid, but received on one occasion only $50 and on another, $25, and the promise from Kwok that they would be paid in full when he had disposed of the rings; that Kwok stated the rings were so valuable it was hard to dispose of them, and that he offered one of them to the boys in payment for their services, which offer was refused. The Lopez boys both testified that they were drinking heavily for some days both before and after the robbery. They were arrested on a bus headed for the Mexican border. The trial judge believed that the testimony of William Lopez was in all respects a true account of the manner in which the robbery was planned and executed. We find in the record no reason whatever for disagreement with this conclusion. The story of William was consistent with all the circumstantial evidence. It was plausible, and the evidence as a whole indicated strongly that the boys were acting under the direction of one of superior intelligence and cunning. There was an abundance of evidence to corroborate

the testimony of William. Such corroborative evidence, of course, need not be strong, or sufficient of itself to establish guilt. (*People* v. *Yeager,* 194 Cal. 452 [229 P. 40] ; *People* v. *Negra,* 208 Cal. 64 [280 P. 354].),

The judgment and order denying motion for new trial are affirmed. The attempted appeal from the order denying motion to set aside the information is dismissed.

Wood, J., and Vallée, J., concurred.

A petition for a rehearing was denied September 23, 1948, and appellant's petition for a hearing by the Supreme Court was denied October 11, 1948.