[Crim. No. 2370.   Third Dist.   Feb. 19, 1953.]

THE PEOPLE, Respondent, v. JOHN NORMAN CLARK
et al., Appellants.

220

Chester Monette and Lionel Browne for Appellants.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

PEEK, J.—This is an appeal by John Norman Clark and Joseph Demchism from a judgment of conviction of the crime of burglary. Appellants and three others were charged jointly with feloniously entering a warehouse in the city of Eureka on or about December 15, 1951. Prior to the trial of the case the information was dismissed as to defendant Murphy and upon the date set for trial the defendant Meier withdrew his plea of not guilty and entered a plea of guilty. Following their plea of not guilty the cause proceeded to trial against the remaining three defendants, namely, Ernest Albert Clark, John Norman Clark and Joseph Demchism.

At the conclusion of the trial the jury returned verdicts of guilty of burglary in the first degree. Only the defendants John Norman Clark and Joseph Demchism have appealed (1) from the order of the court denying their motion to set aside the information, (2) from the order denying their motions for a new trial, and (3) from the judgments of conviction.

A summary of the evidence, viewed as we must in the light most favorable to respondent, shows that on the night of December 14, 1951, a warehouse in the city of Eureka was entered and a quantity of liquor stored therein was taken from the building. Several cases of liquor were found stacked in the alley which adjoins the rear of the warehouse, and additional quantities were found in the trunk compartment of an automobile which was parked nearby.

The automobile belonged to appellant Clark. Clark did not personally participate in the act of entering the warehouse or in removing any of the liquor. His alleged participation in the crime consisted in his aiding and abetting in the commission thereof and hence he was charged as a principal under the provisions of section 31 of the Penal Code.

Two police officers testified that at approximately the hour of 11 o'clock on the evening of December 14, Demchism was observed talking with Clark in the latter's bar but when defendants saw the officers their conversation stopped. The actual burglary was alleged to have been committed between 1 and 1:30 o'clock the following morning. Officer Hescock testified that while he and Officer Moulton were cruising in the vicinity of the warehouse he recognized Demchism standing near the parked car; that by the time they had turned around Demchism and Albert Clark had left; defendant Meier was placed under arrest. Officer Moulton testified that in the course of investigating the burglary and endeavoring to apprehend Demchism he returned to Clark's bar at approximately 1:30 o'clock. He asked Clark if Demchism had offered to sell any whiskey and that Clark had replied "Indirectly yes and no." The officer informed Clark that a car had been found at the scene of the crime but that Clark made no mention of the fact that he had loaned his car to Demchism. At approximately 2:30 o'clock a. m. the officer again saw Clark. At that time Clark was in a taxicab driving past the scene of the burglary. As the cab neared Clark's car it appeared to slow down and then to speed up. The officer called for it to stop and Clark then got out and walked back

to his car. Clark stated to the officer that he had loaned his car to Demchism but that he did not know he was going to steal the whiskey.

The record relative to the degree of the offense shows some rather vague and meandering testimony by the defendant Meier. He first stated that earlier that evening while in a bar with the defendants Ernest Clark and Demchism, Demchism pulled back his coat and "showed this forty-five, I guess it was. I don't know. It was a big gun. It was brown with a brown handle and a thing kind of marked on it." He next testified that he saw what he thought "was a gun" at the LaSalle Bar but that he did not actually see it at any other time. At another point in his testimony he stated that under Demchism's coat he had "seen a big bump but didn't know what it was. I thought it was a gun or something." When asked by the district attorney, if he saw a bump where the gun had been, the witness replied, "Yes, sir," and in reply to a further question, if he saw a bump on Demchism while they were in the neighborhood of the warehouse, the witness replied, "Yes sir, I think I did." However, Meier's testimony was not the only evidence that Demchism had a gun. There also was testimony by John Clark that he saw a gun on Demchism earlier in the evening. The defendant Ernest Clark, in a statement given to police officers, stated that he too saw a gun on Demchism at the LaSalle Bar, and in answer to a question from an officer, if he saw a gun while they were taking the liquor from the warehouse, Clark said "He [Demchism] was trying to get rid of it when the police car came along." The following day a gun was found near the scene of the crime. Although it was not identified as the one seen on Demchism there was testimony that it was similar.

### APPEAL OF JOHN NORMAN CLARK

It is this appellant's first contention that he was held to answer in the superior court without reasonable or probable cause. The original transcript of the preliminary examination was introduced at the trial as an exhibit and is a part of the record before this court on appeal. From our examination thereof it appears to be substantially the same as the record at the trial and hence we conclude that the evidence introduced at the preliminary examination was sufficient to constitute reasonable or probable cause upon which to hold said defendant to answer in the superior court.

The rule is too well established to warrant citation

of authority that the evidence at a preliminary examination need not be such as would be sufficient to support a judgment of conviction.

As the court said in *Grissom* v. *Superior Court,* 105 Cal.App.2d 705, 707 [234 P.2d 147]:

"The term 'sufficient cause,' as used in section 872, means no more than 'reasonable or probable cause' as used in section 1487(7). (*People* v. *Nagle,* 25 Cal.2d 216, 222 [153 P.2d 344]; *People* v. *Putnam,* 20 Cal.2d 885 [129 P.2d 367]; *Cleugh* v. *Strakosch,* 109 F.2d 330; *In re Martinez,* 36 Cal. App.2d 687 [98 P.2d 528]). ' "Reasonable or probable cause" means such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused.' "

It is this appellant's next contention that there was not sufficient evidence produced at the trial to sustain his conviction. His main argument in this regard is premised almost wholly upon the similarity of his name, John Norman Clark to that of his codefendant Ernest Albert Clark. From the record it appears that at no time during the course of the trial was any question raised concerning the sufficiency of the identification of either one of the Clarks. Throughout the course of the trial this appellant was referred to, almost without exception, as John Clark—his middle name was not used. Such contention predicated merely upon the failure to so identify him by the use of his middle name is wholly without merit.

Likewise we find no merit in this appellant's argument that he was convicted solely upon his own admissions. As previously summarized the record discloses ample evidence to sustain the conviction. The right to draw reasonable inference from the circumstantial evidence so presented was wholly a function of the jury and where such inferences as have been so drawn are reasonable the conclusion of the jury with respect thereto will not be disturbed on appeal. (*People* v. *Rubio,* 75 Cal.App.2d 697 [71 P.2d 737].)

Although the next question as stated in appellant's opening brief is, "Did the Court err in denying defendant's motion for a new trial?" we find nothing in said brief relating to the question so raised.

His next contention is that the evidence did not show the crime to be burglary in the first degree. In support of such contention counsel has referred to only a very small portion of the testimony given by Meier. If, as appellant

contends, the only evidence relating to possession of the gun was that given by Meier, then it might well be said that such evidence was insufficient. But as has been noted his was not the only testimony concerning the possession of a gun by Demchism.

In the recent case of *People* v. *Barclay,* 40 Cal.2d 146, 156 [252 P.2d 321], it was contended that there was no evidence to show that a deadly weapon had been used· in the robbery other than by the testimony of an admitted accomplice, and hence such failure required the judgment to be modified by reducing the degree of the crime. The court noted that section 1111 of the Penal Code ''requires only that the corroborative evidence tend 'to connect a defendant with the commission of the crime in such a way as reasonably may satisfy a jury that the accomplice is telling the truth.˙ It is not necessary that the accomplice be corroborated as to every fact to which he testified.' '' (Citing cases.) ■ Thus, the court says, the ''Proof of the elements of the crime as contrasted with proof of the connection of defendant with the commission thereof, may rest upon the uncorroborated testimony of an accomplice.''

Finally this appellant contends that the court erred in failing to give certain instructions. By the first instruction the jury were informed that the mere loaning by Clark of his automobile to Demchism without knowledge that it was to be used unlawfully would not make Clark a principal in the commission of a crime by the borrower. The second instruction related to the presumption of innocence to which a defendant is entitled at every step of the proceeding. The third instruction covered substantially the same subject as the second and in addition informed the jury that it was incumbent upon the prosecution to prove every material element beyond a reasonable doubt. We have read the entire charge to the jury and it appears therefrom that the jury was fairly and completely instructed on every element contained in the instructions proposed by defendant but which were not given by the court. ■ The court was not compelled to instruct the jury in the precise language used by this defendant nor was the court compelled to give each and every instruction proposed by him, no matter how repetitious they might be. All that was required was that the jury be fully and fairly instructed on all of the material elements of the case. (*People* v. *Young,* 70 Cal.App.2d 28 [160 P.2d 32]; *People* v. *Trawick,* 78 Cal.App.2d 604 [178 P.2d 45].)

What we have heretofore said concerning the first three contentions made by the defendant Clark applies likewise to the identical contentions made by the defendant Demchism. ▆ In addition to the contentions above mentioned this defendant further urges that the court erred in failing to instruct the jury on its own motion, that the codefendant Ernest Clark was an accomplice as a matter of law. Our examination of the charge to the jury shows that it was instructed by the court as to who is an accomplice and the necessity of corroboration of the testimony of an accomplice, leaving to the jury the determination of the factual question so presented. ▆ The fact that Ernest Clark was jointly charged with the appellants of the crime of burglary did not make him an accomplice. (*People* v. *Morgan*, 87 Cal. App.2d 674 [197 P.2d 413].) ▆ While it is true, as defendant argues, Ernest Clark by his own testimony did implicate himself in the commission of the crime, however, he did plead not guilty and hence the question of his guilt or innocence necessarily had to be determined by the jury. In any event Demchism was not found to be guilty solely upon uncorroborated testimony of accomplices. As previously noted, the record contains ample corroboration to sustain the guilty verdicts.

It is further contended by this defendant that the court erred in denying his motion for a new trial. His argument in support of such contention is substantially the same as his argument concerning the sufficiency of the evidence to support the verdict. Hence what has heretofore been said concerning the state of the record is clearly applicable to this contention, and therefore the same is without merit.

▆ The final contention of defendant Demchism is that the district attorney committed prejudicial misconduct in his argument to the jury. His basis for this contention relates to the comment of the district attorney relative to the question of the possession of a gun by Demchism during the course of the burglary. Specifically the comment of the district attorney referred to the statements by the defendants John Clark, Ernest Clark and Robert Meier. During the course of the argument objection was made to certain portions of the statements made by the district attorney, and the court instructed the jury that statements made by

one defendant should not be considered as evidence against another defendant in the absence of a proper foundation. In addition the jury, in the charge given by the court, were again instructed to the same effect.

A very similar situation was presented in *People* v. *Torres*, 84 Cal.App.2d 787 [192 P.2d 45]. In that case four persons were jointly charged with a violation of section 347 of the Penal Code. The court, in answer to the defendant Torres' attack upon the argument of the district attorney in summarizing certain portions of the evidence, said:

"Those portions thereof which incriminated Torres likewise incriminated and were competent evidence of the guilt of the defendant or defendants making them. Certain portions tended to refute certain testimony of the defense witnesses and it was proper argument to attack the credibility of the latter by directing the attention of the jury to these inconsistencies. Because these admissions were not evidence of the guilt of Torres did not preclude the prosecutor from arguing their full effect within the limits of their competency. There was no suggestion in his argument that any of these admissions be considered by the jury in determining the guilt of Torres."

Furthermore the district attorney was privileged to draw reasonable inferences and deductions from the evidence in his argument and give to the jury his conclusions as drawn therefrom. (*People* v. *Eggers*, 30 Cal.2d 676 [185 P.2d 1].)

The judgment and orders appealed from are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellant Clark's petition for a rehearing was denied March 6, 1953, and his petition for a hearing by the Supreme Court was denied March 19, 1953.