[Crim. No. 1502. Fourth Dist. Mar. 19, 1959.]

THE PEOPLE, Respondent, v. CHARLES LESTER McCOLLUM, Appellant.

Jacobs, Jacobs, Hayden & Nelson for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

SHEPARD, J.—Defendant and a codefendant named Litterell were charged and convicted of robbery in the second degree. Defendant McCollum alone appeals from the judgment and the orders denying motions for a new trial and denying bail pending appeal.

Defendant contends that the evidence of identification was insufficient to sustain a conviction and that the court erred in refusing an instruction on alibi offered by this appealing defendant.

The evidence shows that at about 7:30 p.m. or slightly thereafter on March 5, 1958, one Chester Burris was employed as a clerk at the F & M Liquor store in the city of Garden Grove, Orange County, California. At that time he was accosted in the store by a man he later identified as this defendant, who told him this was a "stickup" or "holdup." He had a gray fabric hood on his head but it concealed only the forehead and not the face. He had his right hand in his coat pocket pointing out. He said "Give me the money or I will blow your head off." Burris gave him the money then on hand in the store. While this was going on a Mr. Jonkhoff started in the store but defendant Litterell poked some object in Jonkhoff's back just above the waistline, and when Jonkhoff turned Litterell pointed at him and said "You better get out of here." Jonkhoff left. Litterell's face was in no way concealed and Jonkhoff later positively identified him. Jonkhoff went back to his car only a few steps away, pulled out from the curb, stopped and wrote down the license number of a yellow 1956 Chevrolet, MVW 477, in which he had seen Litterell. Litterell later admitted to ownership of the car. Another witness named Randolph also saw the Chevrolet, which was the only car backed into the curb at that point, and likewise wrote down the number, the only difference being that he wrote down a "U" instead of the "V." About 8:20 or 8:30 p.m. the same evening and less than an hour after the robbery Litterell and this defendant had appeared together at a cocktail lounge named "Ming," also in the city of Garden Grove, and both were arrested about 9 p.m. at that place.

Defendant made conflicting statements to an investigator. Defendant offered an alibi but in the alibi claimed he was with Litterell during the entire evening, including the time when the holdup took place. Burris positively identified him as the man who committed the robbery.

It will thus be seen that while the evidence was conflicting there was definite proof, if believed, that defendant was the person who committed the robbery, and there was nothing improper in the testimony of the witnesses.

"Although an appellate court will not uphold a judgment or verdict based upon evidence inherently improbable, testimony which merely discloses unusual circumstances does not come within that category. (Citation.) . . . it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. (Citation.) (*People* v. *Huston,* 21 Cal.2d 690 [1] [2] [134 P.2d 758].)

"While the claimed weakness in the testimony of the witnesses for the prosecution as to identification, as well as other claimed weaknesses in their testimony, undoubtedly afforded ground for a forceful argument to the trier of facts, nevertheless, they cannot avail appellant as ground for reversal because the evidence identifying an accused as the perpetrator of the crime charged need not be positive and uncontradicted. (Citations.) While some of the witnesses were cautious in their identification, they expressed the belief that appellant was the person they had seen and it was for the trial judge to say what weight such evidence was entitled to. (Citation.)" (*People* v. *Arenas,* 128 Cal.App.2d 594, 601 [275 P.2d 811].)

On the claim that the court erred in refusing to give an instruction on alibi requested by the defendant, the defendant had requested two instructions both on the same subject. One of them given by the court was as follows:

"When one who was not at the place where a crime was committed at the time of its commission is later charged with having been present and having committed or taken part in committing such crime, his absence from the scene of the crime, if proved, is a complete defense that we call an alibi.

"The defendant(s . . .) in this case have introduced evidence tending to prove that they were not present at the time and place of the commission of the alleged offense for which he is here on trial. If, after a consideration of all the evidence, you have a reasonable doubt whether or not the de-

fendants were present at the time the crime was committed, they are entitled to an acquittal."

The one which was not given reads as follows: "I instruct you that the term 'alibi' means 'elsewhere.' The defendants are not required to prove an alibi beyond a reasonable doubt, or even by a preponderance of the evidence. They are entitled to an acquittal if the evidence presented, in connection with any other evidence, raises a reasonable doubt as to their presence at the scene of the crime."

In our opinion the instruction which was refused does not cover the subject nearly as well as the one which was given, and upon analysis contains some inferences that raise questions as to its propriety. The wording speaks of other evidence as though it had not been presented, and might raise confusion in the minds of the jury. In any event, the court was not required to give repetitious instructions.

"The court was not compelled to instruct the jury in the precise language used by this defendant nor was the court compelled to give each and every instruction proposed by him, no matter how repetitious they might be. All that was required was that the jury be fully and fairly instructed on all of the material elements of the case. (Citations.)" (*People v. Clark*, 116 Cal.App.2d 219, 224 [8] [253 P.2d 510].)

"[S]ince the proposed instruction would have been repetitious, it was properly refused." (*People v. Deibert*, 117 Cal. App.2d 410, 426 [34] [256 P.2d 355].)

We have examined the entire record and it appears that the defendant received a fair trial and the evidence was sufficient to support the conviction.

The judgment and orders appealed from are affirmed.

Griffin, P. J., and Mussell, J., concurred.