[Crim. Nos. 22876, 22877. Second Dist., Div. Two. Oct. 29, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
GERALD REYNARD JENKINS et al., Defendants and Appellants.

## COUNSEL

Lawrence E. Taylor and A. James Leeds, under appointments by the Court of Appeal, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert F. Katz and Robert W. Hatton, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ROTH, P. J.**—Appellants Gerald Reynard Jenkins and James Mayer appeal from judgments entered following jury verdicts, finding Mayer guilty of a violation of Penal Code section 211a (robbery in the second degree) and Jenkins guilty of a violation of Penal Code section 496 (receiving stolen property).

On the evening of January 31, 1971, a truck loaded with about $200,000 worth of men's suits was, with use of force, stolen from a service yard in

Los Angeles. On or about the night of February 3, 1971, Jenkins was arrested and at his request driven to his home on Alberton Avenue in Compton. Upon arrival, a 1965 white pickup truck admittedly belonging to Jenkins was exiting without headlights from the driveway of the Alberton residence. It was driven by codefendant Mayer. One Givens (discussed *infra*) was standing alongside the truck. The truck contained approximately 250 men's suits including many of those stolen. Jenkins admitted the truck was his but stated to the officer: "You didn't catch me driving it, did you?" When the officer said no, Jenkins added "Then I have nothing to worry about."

GIVENS' STATEMENTS:

At trial, a codefendant, Paul Givens, was allowed over objections of both defendants, to plead guilty to the charge of receiving stolen property. Appellants objected on the ground that since Givens was one of the thieves by his own confession, he could not be a receiver; and that Givens was allowed to enter the plea with the understanding that he would testify for the prosecution against appellants.

Appellant Mayer, before trial, had moved for severance. The motion was denied. Givens was called to testify, his attorney notified the court that Givens desired to withdraw his plea and would not testify. The court ruled that Givens had no right not to answer any questions and thereafter, Givens related to the court and jury that he knew nothing at all about the robbery and denied making any statements in reference to the robbery. Specifically he denied implicating Mayer or Jenkins in the taking of the truck parked in the service yard on January 31, 1971. After Givens had been excused, a police officer and an FBI agent took the stand and over defense objections, testified that Givens had told each of them that he, Mayer and Jenkins had gone to the scene of the robbery, committed the robbery, and Mayer had hit a worker at the truck yard with a pair of bolt cutters during the robbery. The jury was instructed that the prior inconsistent statements could be admitted for the truth of the matter asserted. (Evid. Code, § 1235; CALJIC No. 2.08). Appellants assert error.

Initially appellants assert that there was a violation of their rights under *Bruton* v. *United States* (1968) 391 U.S. 123 [20 L.Ed.2d 476, 88 S.Ct. 1620]; and *People* v. *Aranda* (1965) 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265]. Prior to trial a motion for a severance was denied. The basis for the denial was that the out-of-court statements of Givens were to be edited. However, at trial, the unedited out-of-court statements of Givens were orally testified to. Appellants contend that this violates the

spirit of *Bruton* and *Aranda*. However, *Bruton* and *Aranda* are directed towards a confessing codefendant who implicates other codefendants, but who is never subject to cross-examination. ■ At bench that issue does not arise since Givens did take the stand and was subject to cross-examination.

Appellants next contend that it was error for the court to force Givens, who had not been sentenced, to answer questions since he was free to refrain from self-incrimination until he had been sentenced. Whether or not Givens, in the circumstances at bench, still had the right to claim the privilege against self-incrimination is a question we need not answer. (See Witkin, Cal. Evidence (2d ed. 1966) § 926, pp. 860-861) (indicates privilege is to prevent against punishment). (Note, *Effect of Immunity Grant on Criminal Appeal, Sentencing, and Parole* (1966) 18 Stan.L.Rev. 709; Annot., Plea of Guilty or Conviction As Resulting In Loss of Privilege Against Self-Incrimination as to Crime in Question, 9 A.L.R.3d 990 (1966).) (Compare *People* v. *Varnum* (1967) 66 Cal.2d 808, 813 [59 Cal.Rptr. 108, 427 P.2d 772]) (co-defendant already sentenced when forced to answer questions.)

■ The right against self-incrimination is a personal right; Givens never claimed this right, and appellants have no standing to raise the question. (*People* v. *Thomason* (1970) 13 Cal.App.3d 14 [91 Cal.Rptr. 172].)

Appellants next contend that they were denied the right of confrontation since Givens never admitted making the statements that were attributed to him by the officers. Appellants' counsel requested that the statements be admitted only for impeachment purposes, but the request was denied. Appellants contend that notwithstanding *California* v. *Green* (1970) 399 U.S. 149 [26 L.Ed.2d 489, 90 S.Ct. 1930] they were denied the right to confront the maker of the statements, since Givens denied ever making the statements. Thus, they contend, effective confrontation was denied since the issue of the truth behind the statements could never be explored. (*Douglas* v. *Alabama* (1965) 380 U.S. 415 [13 L.Ed.2d 934, 85 S.Ct. 1074].) An almost identical contention was made and rejected in *Nelson* v. *O'Neil* (1971) 402 U.S. 622, 629-630 [29 L.Ed.2d 222, 228, 91 S.Ct. 1723] where the court stated: "We conclude that where a codefendant takes the stand in his own defense, denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no rights protected by the Sixth and Fourteenth Amendments."

The theory of the court in *Nelson* is apparently that the important issue in cases involving confrontation questions is that the out-of-court declarant

be in the courtroom and available for cross-examination. ▮ Thus, if the declarant refuses to testify and acknowledge or deny any asserted out-of-court statements, then he is not available for confrontation within the meaning of the Sixth Amendment. (*Douglas* v. *Alabama* (1965) 380 U.S. 415 [13 L.Ed.2d 934, 85 S.Ct. 1074]) (witness refused to answer any questions on grounds of self-incrimination and prosecutor under guise of refreshing memory read confession which had been previously made.) On the other hand, if the witness either denies, acknowledges or qualifies the truth of the prior statement, then the statement may be introduced without violating the confrontation clause. (*Nelson* v. *O'Neil, supra;* see also *People* v. *Cannady* (1972) 8 Cal.3d 379, 385-388 [105 Cal.Rptr. 129, 503 P.2d 585].) At bench, the witness, Givens, testified that he had been interviewed by the police officers after his arrest, but denied making any statements admitting his involvement in the robbery to them. He further testified that the suits found at his house had been purchased from a man at a park, and when arrested at Jenkins' house, he had merely dropped by for a visit.

The jury had the opportunity to observe: the demeanor of Givens, his denial of the contents of the alleged statements, the demeanor of the two police officers, and their testimony as to the content of the two statements. Thus, the jury was faced with a decision of having to choose which witnesses to believe. In making this determination it had to make the same choice that juries make whenever there are inconsistent statements by a witness. The fact that they chose to believe that Givens had made the prior statements, and that he had been telling the truth when he made the prior statements, does not compel the determination that there was a denial of confrontation. (*Nelson* v. *O'Neil, supra.*)

ACCOMPLICE INSTRUCTIONS:

Appellants next contend that the court erred in instructing the jury on corroboration. The court, in instructing the jury, gave the instruction contained in CALJIC No. 3.12 but modified it to cover the situation present at bench, where the statement is attributed to the accomplice.[1]

---

[1]"Corroborative evidence is evidence of some act or fact related to the offense which, if believed, by itself and without any aid, interpretation or direction from the testimony or statement of the accomplice, tends to connect the defendant with the commission of the offense charged.

"However, it is not necessary that the corroborative evidence be sufficient in itself to establish every element of the offense charged, or that it corroborate every fact to which the accomplice testifies, or in the statement attributed to the accomplice.

"In determining whether an accomplice has been corroborated, you must first assume the testimony or statement of the accomplice has been removed from the case.

Appellants, however, argue that the court erred in refusing to add to the instruction the statement: "Such corroborative evidence must relate to some act or fact which is an element of the offense charged." ■ The proposed amendment is a correct statement of law. (*People* v. *Luker* (1965) 63 Cal.2d 464, 469 [47 Cal.Rptr. 209, 407 P.2d 9].) But see *People* v. *Perry* (1972) 7 Cal.3d 756 [103 Cal.Rptr. 161, 499 P.2d 129] where the corroboration was flight on the part of the defendant. However, the test to be applied is not whether the proposed instruction was correct, but whether the jury was fully and fairly instructed on the applicable law. There is no requirement that the jury be instructed in the precise language requested by a party. (*People* v. *Clark* (1953) 116 Cal.App.2d 219, 224, [253 P.2d 510].) Appellants argue that the instruction given by the court would allow corroboration to be of irrelevant parts of the accomplice testimony. We have read the instruction and do not find it subject to that infirmity and find no error.

CORROBORATION OF THE ACCOMPLICE TESTIMONY:

Appellants next contend that corroborating evidence was insufficient to sustain the conviction. (Pen. Code, § 1111).

As to appellant Jenkins the evidence showed that two days after the robbery he was engaged in transferring a large number of suits from one truck to another. The police found clothing tags in the truck used for the transfer that were similar to those on the clothing which had been stolen. Two hundred and fifty of the stolen suits were found in the back of Jenkins' pickup truck and when he was questioned about his truck Jenkins stated: "You didn't catch me driving it did you?" When the reply was no, Jenkins then stated, "Then I have nothing to worry about." Finally, there is the fact that the only items in Jenkins' pickup truck were stolen clothing.

The evidence needed to corroborate need not be great and may be entitled to little or no consideration on its own. (*People* v. *Perry, supra,* 7 Cal.3d at p. 769). ■ It is also clear that circumstantial evidence is

---

You must then determine whether there is any remaining evidence which tends to connect the defendant with the commission of the offense.

"In determining whether or not such remaining evidence connects the defendant to the offense charged, you are instructed that evidence that merely shows an association with the actual criminals or that only casts grave suspicions on the defendant is not sufficient corroborating evidence.

"If there is not such independent evidence which tends to connect the defendant with the commission of the offense, the testimony or statement of the accomplice is not corroborated.

"If there is such independent evidence which you believe, then the testimony or statement of the accomplice is corroborated."

sufficient to corroborate the testimony of an accomplice. (*People* v. *Taylor* (1966) 247 Cal.App.2d 11 [55 Cal.Rptr. 521].) At bench the fact that recently stolen items were in his truck and his comment that he had nothing to worry about since he was not driving when he was caught was sufficient to rise to an inference that he knew the clothing was stolen and was sufficient to corroborate the statements of Givens.

As to Mayer, the evidence showed that he was driving a pickup truck containing 250 of the stolen suits at the time of his arrest. In addition, even though it was dark Mayer was attempting to drive away from Jenkins' house with the lights off.

█ The possession of recently stolen property is sufficient to support corroboration for an accomplice's testimony. (*People* v. *Gilbert* (1964) 231 Cal.App.2d 364, 369 [41 Cal.Rptr. 679].) The possession of the stolen suits by Mayer was sufficient corroboration.

PREJUDICAL ERROR IN REMANDING APPELLANTS DURING COURSE OF THE TRIAL:

Appellants contend: the court remanded them to custody during the course of the trial; the jury was aware of their being remanded; this awareness prejudiced the jury; and therefore, they were denied a fair trial.[2]

Penal Code section 1129 gives the court discretion to commit a defendant into custody at any time during the trial. Appellants recognize this fact but argue that the courts have always looked to see if the jury became aware of the remand into custody. At bench the court ordered appellants into custody after Givens had pleaded guilty and had indicated that he would testify against appellants. The court was aware that the jury would notice that the defendants had been remanded and instructed the jury that it would be a violation of their duty to attach any significance to this factor. The court then obtained a promise from each juror that he would not violate the court's instructions in this regard.

█ The net effect of appellants' argument is to have this court presume that the jury disregarded its instructions from the court. This we cannot and will not do. (*People* v. *Isby* (1947) 30 Cal.2d 879, 896-897 [186 P.2d 405].)

We have examined the other contentions raised by appellants and find them to be without merit. The judgments are affirmed.

Fleming, J., and Compton, J., concurred.

Appellants' petitions for a hearing by the Supreme Court were denied December 27, 1973.

---

[2]Appellants do not contend that the court abused its discretion in making this order.