**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ALEXANDER GABAY,

　　　　　Petitioner–Appellant,

v.

JEANNE S. WOODFORD, Director,
California Department of Corrections,

　　　　　Respondent–Appellee.

No. 09-56268

D.C. No. 2:05-cv-00676-SJO-JC

MEMORANDUM [*]

---

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 14, 2011
Pasadena, California

Before: KLEINFELD, LUCERO, [**] and GRABER, Circuit Judges.

Alexander Gabay appeals the district court's denial of his 28 U.S.C. § 2254

petition for writ of habeas corpus. Exercising jurisdiction under § 2253, we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Carlos F. Lucero, United States Circuit Judge for the
Tenth Circuit, sitting by designation.

Gabay was convicted in state court of second degree murder. After his conviction was affirmed on direct appeal, Gabay filed a habeas petition with the California Supreme Court which was denied without comment. He then filed a § 2254 petition in federal court. The district court dismissed his petition, but granted a certificate of appealability on two issues: whether he was denied effective assistance of pretrial counsel; and whether he was denied effective assistance of trial counsel.

We review a district court's denial of habeas relief de novo. See Nunes v. Mueller, 350 F.3d 1045, 1051 (9th Cir. 2003). Because the California Supreme Court's denial of habeas relief constitutes an adjudication on the merits, see Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011), Gabay can obtain relief only if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1), (2).

To prevail on an ineffective assistance of counsel claim, Gabay must demonstrate that: (1) counsel's performance was objectively unreasonable, and (2) there was prejudice resulting from that performance. Moormann v. Ryan, 628 F.3d 1102, 1106 (9th Cir. 2010). To establish prejudice, a defendant must "show that

2

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

Gabay argues that his pretrial counsel labored under a conflict of interest because counsel had been intimate with the victim, pursued a sexual relationship with a potential witness, and was engaged in criminal activity related to the crime for which Gabay was convicted. Gabay contends counsel failed to call two witnesses to a pretrial hearing because of these conflicts, and that prejudice should accordingly be presumed. We disagree. Clearly established federal law, as determined by the Supreme Court, has presumed prejudice based on attorney conflicts only in the context of joint representation. See Earp v. Ornoski, 431 F.3d 1158, 1184 (9th Cir. 2005). The California Supreme Court could have reasonably concluded that personal conflicts did not require that prejudice be presumed. See id. at 1184 & n.23.

Nor has Gabay demonstrated actual prejudice with respect to pretrial counsel's conduct. There is no reasonable probability that the result of his pretrial hearing would have been different had counsel called the two potential witnesses because the evidence presented established "reasonable or probable cause" to hold Gabay over for trial regardless of any exculpatory testimony. See People v. Clark,

3

253 P.2d 510, 513 (Cal. App. 1953) (citing Cal. Penal Code § 872). Further, Gabay has not established that pretrial counsel's failure to engage in plea bargaining was prejudicial because he has not demonstrated that the government was willing to offer, and he was willing to accept, a favorable plea bargain. See Burger v. Kemp, 483 U.S. 776, 785 (1987); Jones v. Wood, 114 F.3d 1002, 1012 (9th Cir. 1997).

Gabay also argues that his trial counsel was ineffective for failing to: (1) engage in plea bargaining; (2) seek dismissal of the charges based on pretrial counsel's conflicts; and (3) obtain testimony from two potentially exculpatory witnesses. For the same reason noted supra, Gabay has not demonstrated prejudice with respect to trial counsel's failure to plea bargain. Trial counsel's failure to seek dismissal of the charges was also non-prejudicial because the charges would have been simply re-filed. See Cal. Penal Code § 999.

Trial counsel's failure to interview or call two potential witnesses presents a closer issue, but the California Supreme Court could have reasonably determined that counsel's failure did not prejudice Gabay. See Richter, 131 S. Ct. at 786 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." (quotation omitted)).

4

According to their affidavits, the two witnesses would have testified that Gabay's girlfriend, Oxana Meshkova, confessed to the murder and provided details regarding the victim's response to strangulation. This testimony would not have cleared Gabay. There was no dispute that both Gabay and Meshkova were present at the scene of the murder and it was clear that the victim was killed by a gunshot wound. The jury specifically found that Gabay personally discharged a firearm—a finding which the affidavits do not undermine. Although one affiant avers that Meshkova showed unidentified "other girls . . . the gun" after the murder, Gabay admitted that he dismantled the murder weapon. Further, although Gabay claimed that Meshkova carried a gun into the victim's apartment in her purse, video footage from an apartment building security camera did not show Meshkova carrying a purse into the building. A friend of Gabay's testified that he saw Gabay carrying a gun on the drive to the victim's apartment.

In light of this and other powerful evidence against Gabay, a state court conclusion that Gabay was not prejudiced by trial counsel's failure to interview

5

and call these two potential witnesses was at least reasonable. Accordingly, Gabay

is not entitled to habeas relief.[1]

**AFFIRMED**.

---

[1]In a footnote, Gabay conclusorily asserts two other potential ineffectiveness claims. Because neither claim is sufficiently developed or supported with legal and record citations, we will not consider them. See Maldonado v. Morales, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009).

Gabay v. Woodford, No. 09-56268

GRABER, Circuit Judge, dissenting in part:

I respectfully dissent from the majority's holding that it was not "an unreasonable application," 28 U.S.C. § 2254(d)(1), of Strickland v. Washington, 466 U.S. 668, 687 (1984), for the California Supreme Court to conclude that the failure of Alexander Gabay's trial counsel to interview two potential witnesses did not prejudice him. I concur in all other respects.

Two people—Gabay and Oxana Meshkova—entered an apartment, and its occupant was murdered. It was clear that one or both of them committed the murder, but the evidence at trial as to which one was the actual killer was less clear. The state indicted both Gabay and Meshkova. But the state eventually tried only Gabay, with Meshkova testifying against him in exchange for immunity. Gabay's defense theory was that Meshkova, not Gabay, had committed the murder.

During the course of his investigation, Gabay's trial counsel learned that, on two different occasions, Meshkova had told two different people that she—Meshkova—had committed the murder. Inexplicably, Gabay's trial counsel declined even to interview those witnesses. Gabay's trial counsel plainly failed to adhere to his "duty to make reasonable investigations." Id. at 691.

I would hold also that the California Supreme Court unreasonably concluded that this failure caused no prejudice. The evidence was overwhelming that the

murder occurred while Gabay and Meshkova were in the apartment. But the evidence implicating Gabay instead of Meshkova consisted primarily of Meshkova's own unchallenged testimony. But Meshkova earlier had confessed to two different witnesses:

- The first witness swore in an affidavit that Oxana Meshkova "said it had been her who had killed [the victim]."

- The second witness stated under oath that "Oxana confessed to [a third party] and the other girls that she killed [the victim] and later showed them the gun."

Had Gabay's trial counsel followed up on Meshkova's unsolicited confessions, the information he likely would have discovered would have severely compromised Meshkova's credibility and cast serious doubt on whether Gabay had shot the victim. In these circumstances, even mindful of the strong deference due under AEDPA, Harrington v. Richter, 131 S. Ct. 770 (2011), a reasonable jurist would have to conclude that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," Strickland, 466 U.S. at 694.

I therefore dissent in part.

2