HILL *et al. v.* STATE.*

(Division A.   Oct. 29, 1928.)

[118 So. 539.   No. 27262.]

*Corpus Juris-Cyc References: Witnesses, 40Cyc, p. 2391, n. 9.

*J. P.* and *A. K. Edwards,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General for the state.

McGowen, J. The appellants, Lee Hill and Lee Kiser, were convicted by the circuit court of Simpson county, Mississippi, of the unlawful possession of intoxicating liquor, and were sentenced to pay a fine of three hundred and fifty dollars and to serve a term of thirty days in the county jail, from which they prosecute an appeal to this court.

As this case must be reversed and remanded for another trial, we deem it unnecessary to discuss the several assignments of error. During the trial it was shown that the officer found one of the defendants in the car with the whisky in his bosom, and, upon the question of probable cause for such search without a warrant, the officer asked by the counsel for the appellants from whom he had obtained the information that the appellants had whisky, and the officer replied: "I would not like to divulge his name; I told him I wouldn't tell." Upon appellants' counsel insisting upon an answer, the court replied: "I won't require him to do that; he is an officer of the law and says he had information about it. Exception."

Probable cause to believe that intoxicating liquors are being transported in a vehicle will authorize search thereof without a search warrant. Section 2, chapter 244, Laws 1924 (Hemingway's 1927 Code, section 2239). The search of an automobile containing intoxicating liquor without a search warrant is authorized only when the officer has probable cause for its detention and search. The officer declined to give the name of the party from whom he received the information believed and acted upon by him in this case, upon the ground that he had promised not to tell. We do not understand that there is any privilege authorizing an officer of the law to balk an investigation of facts then at issue by such a promise. He did not have a right to make the promise, and the informant did not have the right to rely upon such promise. The defendant had the right to know the name of the party giving such information, which, believed and acted upon by the officer, constituted probable cause in this case. The informant might have been shown to be a notorious liar in that community, or a person of unquestionable integrity. These facts the court must have, in order to determine whether the officer's belief in the truth of the statement was warranted, and in order to

allow the defendant an opportunity to show that the statement upon which the officer acted was unworthy of belief and that no probable cause existed for such search.

Upon investigation by the court as to whether the officer had probable cause for search, and whether the evidence thus procured was competent or not, the court should have all the information that the officer possessed at the time he made the arrest and search. This question has been settled in this state, and it was error fatal to the case not to have required the officer to reveal the name of his informant. This case is ruled by the cases of *Mapp* v. *State*, 148 Miss. 739, 114 So. 825; *Hamilton* v. *State* (Miss.), 115 So. 427.

*Reversed and remanded.*