[Crim. No. 1314.   Fourth Dist.   Aug. 28, 1957.]

THE PEOPLE, Respondent, v. JOHN JOSEPH WASCO, Appellant.

Stephen C. Johnson, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with the possession of a narcotic, heroin, in violation of section 11500 of the Health & Safety Code. He was also charged with two prior convictions, one for first degree burglary and the other for possession of a narcotic. He pleaded not guilty but admitted the prior convictions. A jury trial was waived and the court found him guilty as charged. He was sentenced to imprisonment, it being ordered that the sentence run concurrently with an unexpired term on which he had been released on parole. He has appealed from the judgment.

On appellant's request for the appointment of counsel this court appointed the same attorney who had represented him at the trial. This attorney has filed a report stating that after a careful review of the record and the law he has been unable to find any arguable grounds for a successful appeal. This report further states that the appellant relies on the contentions that the physical objects which were admitted into evidence were erroneously admitted because they were obtained by an unlawful search and seizure; that the testimony of the arresting officers should be disregarded because it is apparent from that testimony that they were prejudiced against the appellant; and that the court committed reversible error in refusing to require a police officer to identify the "informer."

The attorney general has filed a memorandum with a review of the evidence and a full discussion of the points suggested by the appellant, and citing many cases supporting the views there expressed. After reading the entire record we are in accord with the conclusion reached by the appointed counsel and the attorney general. We find no reversible error in the record and nothing which would indicate in any way that a miscarriage of justice has occurred.

Shortly after midnight, in the early morning of August 26, 1956, two police officers went to the room of the defendant in

the Bell Hotel in San Diego. They had previously received confidential information that the defendant was in possession of narcotics. They knocked on the door and when a man asked who it was they replied "Police officers. Will you open the door, please?" The defendant opened the door and asked what they wanted. He was shown a badge and was told that they had information that he was in possession of narcotics. The defendant was then asked if he minded if the officers looked around the room. The defendant replied "Come on in and look around, I am clean. You can look around in my room all you want to." The officers entered and began to search the room. They noticed a piece of lined white paper on the bed on top of a newspaper. The newspaper had several slashes as though it had been cut with a razor. A piece had been cut out of one corner of this white paper. A tablet of this same paper was on a stand in the room. One of the officers then went to an improvised washroom at the end of the hallway on which this room faced. The partition separating this washroom from the hallway extended only up to about 2 feet from the ceiling. The officer stood on a chair and saw three white bindles on top of the partition. The top of the partition was very dusty, but there was no dust on the bindles. The officer took these bindles and showed them to the defendant, who denied any knowledge of them. These bindles contained heroin. The bindle papers were exactly like the paper found in the defendant's room. The paper of one of the bindles, when unfolded, fitted exactly into the place where a part of the paper found on the bed had been cut out, with one cut edge fitting the blue line on the paper as it rose above and came below that line.

A doctor who examined the defendant at 2 a. m. on August 26 testified that the defendant was cooperative during his examination; that he found a number of needle marks on his arms, one of which was fresh and within several hours old; and that the defendant told him that he had used heroin but that his last injection had been made a week before. The doctor expressed the opinion that the defendant was under the influence of a narcotic at the time he examined him, stating his reasons for that conclusion. Two officers testified as to equivocal statements and actions made by the defendant when they made several accusatory statements to him. One of these officers testified that when the defendant denied that these bindles found on the partition belonged to him he asked the defendant if there were any other users in the hotel, to which

the defendant replied that to his knowledge he was the only user there. The defendant did not take the stand and called no witnesses in his behalf.

The evidence was ample to sustain the appellant's conviction on this charge. While the narcotics were not found on his person, the evidence justified the inference that they were deposited in a place under his possession and control. It cannot be held, under the decided cases, that the evidence shows an illegal search and seizure. That the officers' actions were reasonable appears both from the information they had received as to the appellant's activities and the probable cause that existed that he was committing a felony, and from the appellant's consent to the search. There is nothing in the testimony of the officers to indicate that they were prejudiced against the appellant and, in any event, this was a matter going to the weight of the evidence and presented only a question of fact. No reversible error appears in the failure of the court to require the officer to reveal the identity of his informer. Aside from other considerations, there is nothing in the only evidence which was received which would indicate that a revealing of such identity would have been either helpful to the appellant or relevant under the circumstances. (*People* v. *Dewson,* 150 Cal.App.2d 119 [310 P.2d 162].)

The judgment is affirmed.

Mussell, J., concurred.