[S. F. No. 19911. In Bank. Oct. 1, 1958.]

CLYDE M. PRIESTLY, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Arthur D. Klang for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

TRAYNOR, J.—Two counts of an information charged defendant with possessing narcotics in violation of Health and Safety Code, section 11500. His motion to set aside the information on the ground that the evidence against him was

obtained by an illegal search and seizure was denied, and he now seeks a writ of prohibition to prevent his trial.

The evidence at the preliminary hearing showed that at approximately 3 p. m. on April 18, 1957, Officer McKinley of the San Francisco Police Department received information from an informer that defendant had heroin in his apartment and that the informer had been there previously and obtained narcotics from defendant. The informer also said that there were narcotics in an apartment occupied by Cecil Thomas. At about 3:30 p. m. Officer McKinley and another officer went to the apartment occupied by Cecil Thomas, arrested him there, and found narcotics in his apartment. At that time, the officers received information from a second informer that defendant possessed narcotics.

Acting solely on the information from the two informers, Officer McKinley and the other officer went to defendant's apartment and knocked on the door. After about 10 minutes defendant opened it, and they then placed him under arrest and searched his person and the apartment. They found heroin on his person and dolophine, a narcotic, in a dresser drawer. The arrest and search were made without a warrant.

It is settled that "a 'defendant has been held to answer without reasonable or probable cause if his commitment is based entirely on incompetent evidence,' . . . and accordingly, in such a case the trial court should grant a motion to set aside the information (Pen. Code, § 995), and if it does not do so, a peremptory writ of prohibition will issue to prohibit further proceedings. (Pen. Code, § 999a.)" (*Badillo* v. *Superior Court,* 46 Cal.2d 269, 271 [294 P.2d 23]; *People* v. *Valenti,* 49 Cal.2d 199, 203 [316 P.2d 633]; *Willson* v. *Superior Court,* 46 Cal.2d 291, 292 [294 P.2d 36]; *Rogers* v. *Superior Court,* 46 Cal.2d 3, 7 [291 P.2d 929]; *People* v. *Jablon,* 153 Cal.App.2d 456, 459 [314 P.2d 824]; see *People* v. *Schuber,* 71 Cal.App.2d 773, 775 [163 P.2d 498]; *In re Martinez,* 36 Cal.App.2d 687, 689 [98 P.2d 528].)

The narcotics, introduced over defendant's objections constituted essential evidence of defendant's guilt. If illegally obtained, it was not competent to show reasonable cause to believe the defendant guilty of a public offense, for " '[t]he proof which will authorize a magistrate in holding an accused person for trial must consist of legal, competent evidence. No other type of evidence may be considered by the magistrate. The rules of evidence require the "production of

legal evidence'' and the exclusion of ''whatever is not legal''
. . .'.'' (*Rogers* v. *Superior Court, supra,* 46 Cal.2d at 8;
*People* v. *Schuber, supra,* 71 Cal.App.2d at 775.) Ac-
cordingly, if the only evidence of guilt was illegally obtained,
defendant is held without reasonable or probable cause, and
a peremptory writ of prohibition should issue to prohibit
further proceedings. (Pen. Code, § 999a.)

 Defendant made a prima facie case by showing that
his arrest and the search of his person and apartment were
made without a warrant. The burden was then on the prose-
cution to show proper justification. (*Badillo* v. *Superior
Court, supra,* 46 Cal.2d at 272.) The People contend that
they met that burden by the officer's testimony of the commu-
nications from the two informers. Defendant contends that
this testimony is not competent since he objected to it,
demanding that the identity of the informers be disclosed or
the officer's testimony be struck.

The People contend that defendant was not entitled to the
disclosure of the informers' identities invoking section 1881,
subdivision 5 of the Code of Civil Procedure: ''A public
officer cannot be examined as to communications made to him
in official confidence, when the public interest would suffer by
the disclosure.'' In *People* v. *McShann, ante,* p. 802 [330
P.2d 33], the informer was a material witness on the facts
relating directly to the question of guilt. The policy conflict
there involved was between the encouragement of the free
flow of information to law enforcement officials and the right
of the defendant to make a full and fair defense on the issue
of guilt. In the present case the communications of the
informers are material to the issue of reasonable cause to
make the arrest and search, and the policy conflict is between
the encouragement of the free flow of information to law en-
forcement officers and the policy to discourage lawless enforce-
ment of the law. (See *People* v. *Cahan,* 44 Cal.2d 434, 445
[282 P.2d 905, 50 A.L.R.2d 513].)

The federal rule under such circumstances is set forth in
*Roviaro* v. *United States,* 353 U.S. 53, 61 [77 S.Ct. 623, 1
L.Ed.2d 639]: ''Most of the federal cases involving this
limitation on the scope of the informer's privilege have arisen
where the legality of a search without a warrant is in issue
and the communications of an informer are claimed to estab-
lish probable cause. In these cases the Government has been
required to disclose the identity of the informant unless there

was sufficient evidence apart from his confidential communication."*

The foregoing rule requiring disclosure of the identity of an informer whose communications are relied upon to establish probable cause to make a search is sound and workable.

---

*The reasons supporting this rule are stated in the following federal cases cited with approval in the Roviaro case:

*Scher* v. *United States*, 305 U.S. 251, 254 [59 S.Ct. 174, 83 L.Ed. 151]: In this case the officers had sufficient independent evidence to justify the arrest and search without relying on information from an informer: "In the circumstances the source of the information which caused him to be observed was unimportant to petitioner's defense. The legality of the officers' action does not depend upon the credibility of something told but upon what they saw and heard—what took place in their presence. Justification is not sought because of honest belief based upon credible information as in *United States* v. *Blich*, 45 F.2d 627."

*United States* v. *Blich*, 45 F.2d 627, 629: "The court has no quarrel with the Prohibition Department in its policy of guarding and keeping secret the name of an informant, with the idea of being thereby better enabled to enforce the Prohibition Law. The only question here is as to whether or not, when the matter is presented to a court for the purpose of seeking a determination of whether, under all the circumstances, there was probable cause, this element of those circumstances may remain undisclosed. It is scarcely an answer to the proposition that an agent testifies that his informant was a reliable person, and that he believed the information so given, unless the court sitting in judgment may have the right to determine whether, under all the circumstances, such information was reliable and the agent was justified in having such belief. A belief must or should rest upon a substantial basis. It is not a question of impugning the motives or doubting the honest belief of the agent in regard to the information which he may have received. It is simply requiring the witness to sustain his motives and his beliefs by all the evidence at his command."

*United States* v. *Keown*, 19 F. Supp. 639, 645-646: "If the information of the informer was unreliable or he was unworthy of belief, the officer did not have probable cause to make either the search or the arrest. It follows that the court must have all the facts before it can properly determine whether the officer acted on reasonable grounds. If an officer should stop a peaceful, law-abiding citizen on the highway and search his car, subjecting him to humiliation and ridicule, and the offended citizen should seek redress by a suit for damages, surely no court would say the officer would be relieved of responsibility by an answer that he was informed by a reliable person that the citizen was engaged in the illicit liquor traffic, but he could not and would not disclose the name of his informer, thus preventing a fair and impartial investigation of his conduct. The certainty of the law is one of its greatest attributes. We cannot have one law applicable to an identical state of facts for the innocent and another for the guilty. The guilty may sometime escape under such a rule, but this need not follow if the officer be diligent, and likewise the secrets of state may be kept inviolate. The officer may use the facts furnished by the informer as a basis for his own investigation and discover sufficient facts to search or arrest without disclosing the source of his information. . . .

"When the government calls a witness whose testimony is based in part on that of an informer, it subjects the witness to cross-examination

(See *People* v. *Wasco*, 153 Cal.App.2d 485, 488 [314 P.2d 558]; *People* v. *Lundy*, 151 Cal.App.2d 244, 249 [311 P.2d 601]; *People* v. *Dewson*, 150 Cal.App.2d 119, 136 [310 P.2d 162]; *People* v. *Alaniz* [*dissent*], 149 Cal.App.2d 560, 570 [309 P.2d 71]; *Wilson* v. *United States*, 59 F.2d 390, 392; *Hill* v. *State*, 161 Miss. 518 [118 So. 539, 540]; *Smith* v. *State*, 169 Tenn. 633 [90 S.W.2d 523, 524]; 13 N.Y.U. Intra. L. Rev. 141, 147-152; 83 L.Ed. 155, 157.) ▮ If testimony of communications from a confidential informer is necessary to establish the legality of a search, the defendant must be given a fair opportunity to rebut that testimony. He must therefore be permitted to ascertain the identity of the informer, since the legality of the officer's action depends upon the credibility of the information, not upon facts that he directly witnessed and upon which he could be cross-examined. If an officer were allowed to establish unimpeachably the lawfulness of a search merely by testifying that he received justifying information from a reliable person whose identity cannot be revealed, he would become the sole judge of what is probable cause to make the search. Such a holding would destroy the exclusionary rule. Only by requiring disclosure and giving the defendant an opportunity to present contrary or impeaching evidence as to the truth of the officer's testimony and the reasonableness of his reliance on the informer can the court make a fair determination of the issue. ▮ Such a requirement does not unreasonably discourage the free flow of information to law enforcement officers or otherwise impede law enforcement. Actually its effect is to compel independent investigations to verify information given by an informer or to uncover other facts that establish reasonable cause to make an arrest or search. Such a practice would ordinarily make it unnecessary to rely on the communications from the informer to establish reasonable cause. When the prosecution relies instead on communications from an informer to show reasonable cause and has itself elicited testimony as to those communications on direct examination, it is essential to a fair trial that the defendant have the right to cross-examine as to

and the informer to whatever peril may arise out of such cross-examination. It is a sound rule to keep secret information furnished to the state of violations of its laws, but this commendable public policy must yield to a higher, or at least an equal, right accorded to an accused to have a court investigate the facts material to his offense in a criminal prosecution, and sometimes the departments of government will be put to a choice of either foregoing a criminal prosecution or disclosing the source of material information necessary to the conduct of orderly judicial procedure.''

the source of those communications. If the prosecution refuses to disclose the identity of the informer, the court should not order disclosure, but on proper motion of the defendant should strike the testimony as to communications from the informer.

In sum, when the prosecution seeks to show reasonable cause for a search by testimony as to communications from an informer, either the identity of the informer must be disclosed when the defendant seeks disclosure or such testimony must be struck on proper motion of the defendant. Any holdings or implications to the contrary in *People* v. *Johnson,* 157 Cal.App.2d 555, 559 [321 P.2d 35] ; *People* v. *Salcido,* 154 Cal.App.2d 520, 522 [316 P.2d 639] ; *People* v. *Moore,* 154 Cal.App.2d 43, 46-47 [315 P.2d 357] ; *People* v. *Merino,* 151 Cal.App.2d 594, 597 [312 P.2d 48] ; *People* v. *Alaniz,* 149 Cal.App.2d 560, 567 [309 P.2d 71] ; and *People* v. *Gonzales,* 141 Cal.App.2d 604, 606-607 [297 P.2d 50], are disapproved.

The People contend that even if disclosure is required at the trial, it should not be required at the preliminary hearing. Since the purpose of the preliminary hearing, however, is to determine whether there is competent evidence to commit the defendant for trial, disclosure at that time is necessary to determine whether the evidence acquired by the search is competent. The defendant may not be committed for trial when there is no competent evidence to support a belief that he is guilty of a public offense. Moreover, disclosure at the preliminary hearing will ordinarily obviate the necessity of a continuance during the trial to permit the defendant to locate and interview the informer. Defendant was therefore entitled either to disclosure of the informers' identities or to the striking on proper motion of the testimony of the officer as to the communications of the informer offered to establish the legality of the search.

The question remains whether the officer's testimony was incompetent in this case. A defendant cannot raise the problem of nondisclosure in the appellate courts when he did not seek disclosure at the trial or preliminary hearing or did not move to strike the testimony on a refusal to disclose. (*People* v. *Johnson, supra,* 157 Cal.App.2d at 559; *People* v. *Gorg,* 157 Cal.App.2d 515, 523 [321 P.2d 143] ; *People* v. *Lundy,* 151 Cal.App.2d 244, 249 [311 P.2d 601].) Upon his failure to do either at that time, evidence of information from a reliable informer is thereafter unobjectionable and may be

sufficient to sustain a finding that the search was made with reasonable cause. (*Willson* v. *Superior Court, supra,* 46 Cal. 2d at 294-295; *People* v. *Dupee,* 151 Cal.App.2d 364, 367 [311 P.2d 568] ; *People* v. *Dean,* 151 Cal.App.2d 165, 167 [311 P.2d 85] ; *Lorenzen* v. *Superior Court,* 150 Cal.App.2d 506, 513 [310 P.2d 180].) ■■ In the present case defendant objected to the officer's testimony on direct examination and demanded disclosure of the informers' identities; he moved that the testimony be struck; and he indicated during the direct examination of the officer that the defense would demand disclosure on cross-examination. Under such circumstances, the trial court should have required disclosure on direct examination or should have excluded or struck the testimony. Since there was no other competent evidence to justify the search and defendant made a prima facie case as to its illegality, it follows that the narcotics seized in the search were not admissible and should have been excluded.

Let the peremptory writ of prohibition issue as prayed.

Gibson, C. J., and Schauer, J., concurred.

CARTER, J.—I concur in the views expressed in the opinion prepared by Mr. Justice Traynor but wish to add some additional views which are pertinent to the issue here involved.

The issue presented is whether there is any competent evidence of probable cause on which to hold defendant to answer. If there is no such evidence the writ of prohibition must issue. (*Rogers* v. *Superior Court,* 46 Cal.2d 3 [291 P.2d 929] ; *Badillo* v. *Superior Court,* 46 Cal.2d 269 [294 P.2d 23] ; *People* v. *Valenti,* 49 Cal.2d 199 [316 P.2d 633].) Narcotics seized during the arrest and subsequent search of defendant's person and premises was the sole evidence offered to show probable cause. This evidence is admissible only if the arrest and search by the police officers was legal. (*People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905].) Defendant challenged the legality of the arrest and seizure, pointing out that there was no warrant, and contending that the police officers acted without probable cause. In these circumstances the burden is on the prosecution to justify the officers' conduct. (*Badillo* v. *Superior Court, supra,* 46 Cal.2d at 272.) Thus, whether defendant can be held to answer, as well as the issuance or denial of the writ of prohibition, hinges on proof of the same fact, namely did the police officers act with probable cause.

The police officers testified that they had received information from two reliable informants that defendant was in possession of narcotics. This was the only evidence offered to establish that the police officers had probable cause, and thus it forms the sole basis on which the arrest and search can be justified. On cross-examination defendant sought to elicit the names of the informants. The magistrate denied defendant the right to cross-examine on such matter, ruling that the identity of the informants was confidential and privileged.

Conceding that this testimony is sufficient to establish probable cause to make an arrest and search, nevertheless the denial of defendant's right to cross-examine the prosecution witnesses regarding the identity of informants renders it incompetent. The result being that the search and seizure is illegal, which renders the evidence seized inadmissible under the exclusionary rule, and leaves the court without any competent evidence of probable cause to hold defendant to answer.

The People contend that the magistrate properly refused to disclose the identity of the informants for the reason that such matter is privileged under section 1881, subdivision 5, of the Code of Civil Procedure. This section provides: "A public officer cannot be examined as to communications made to him in official confidence, when the public interest would suffer by the disclosure." It is argued that if the identity of informants must be disclosed this flow of information to police officers will break an important link in law enforcement, causing the public to suffer.

For the reasons stated below I have concluded that the privilege asserted by the People must yield in the present circumstances to the greater interest of protecting an accused's constitutional right to a fair hearing.

"The purpose of the preliminary hearing is to weed out groundless or unsupported charges of grave offenses, and to relieve the accused of the degradation and the expense of a criminal trial." (*Jaffe* v. *Stone*, 18 Cal.2d 146, 150 [114 P.2d 335, 135 A.L.R. 775].) To accomplish this purpose the Legislature has prescribed the procedure to be followed. In essence this procedure is a carbon copy of the minimum requirements and safeguards which are required to be used in criminal trials pursuant to article I, section 13 of the California Constitution. An accused at a preliminary hearing is entitled to counsel (Pen. Code, § 859), examination and cross-

examination of witnesses (Pen. Code, §§ 865, 866) and the traditional rights of an accused at a criminal trial (Pen. Code. § 866.5). To state the obvious, orderly procedures based on the concept of fair play provide the means by which the purpose of a preliminary hearing is to be accomplished. (See *People* v. *Brooks,* 72 Cal.App.2d 657, 661 [165 P.2d 51].)

The right to cross-examination, which is basic to our judicial system and has been from earliest times, is part of this fundamental right available to an accused. (*People* v. *Ramistella,* 306 N.Y. 379 [118 N.E.2d 566]; see *Alford* v. *United States,* 282 U.S. 687 [51 S.Ct. 218, 75 L.Ed. 624]; *People* v. *Cole,* 43 N.Y. 508, 512-513.) An improper denial of the right of cross-examination constitutes a denial of due process (*Argonaut Ins. Exchange* v. *Industrial Acc. Com.,* 120 Cal.App.2d 145, 152, 153 [260 P.2d 817]; *Columbia-Geneva Steel Div.,* *U.S. Steel Co.* v. *Industrial Acc. Com.,* 115 Cal.App.2d 862, 865 [253 P.2d 45]; *Langendorf United Bakeries* v. *Industrial Acc. Com.,* 87 Cal.App.2d 103, 104-105 [195 P.2d 887].) Apart from historical considerations the reason cross-examination is one of the ingredients of a fair hearing is practical. In a trial or preliminary hearing there is usually a disputed factual issue. Where this occurs, cross-examination provides a major method for establishing the accuracy and reliability of direct testimony. The method of cross-examination is necessary since experience tells us that ex parte statements are too uncertain and unreliable to be considered in the investigation of controverted facts. (*People* v. *McGowan,* 80 Cal.App. 293, 298-299 [251 P. 643]; *People* v. *Seitz,* 100 Cal. App. 113, 119 [279 P. 1070]; see *People* v. *Cole, supra,* 43 N.Y. at 512-513.)

A violation of these fundamental rights at a preliminary hearing results in a deprivation of due process of law. (See *People* v. *Napthaly,* 105 Cal. 641, 644 [39 P. 29]; *People* v. *Salas,* 80 Cal.App. 318 [250 P. 526]; *People* v. *Miller,* 123 Cal.App. 499 [11 P.2d 884].)

Not every instance in which a cross-examiner's question is disallowed will defendant's right to a fair hearing be abridged, since the matter may be too unimportant (*Naylor* v. *Ashton,* 20 Cal.App. 544 [130 P. 181]), or there may be no prejudice (*People* v. *Burch,* 46 Cal.App. 391 [189 P. 716]), or the question may involve issues which can be brought up at a more appropriate time (*Mitchell* v. *Excelsior Water & Min. Co.,* 41 Cal.App. 240 [182 P. 326]). However, where the subject of cross-examination concerns the matter at issue there

can be no doubt that the refusal to permit such question results in a denial of a fair hearing. (*People* v. *Manchetti,* 29 Cal.2d 452, 459 [175 P.2d 533] ; *People* v. *McGowan, supra,* 80 Cal.App. at 296-299; *Langendorf United Bakeries* v. *Industrial Acc. Com., supra,* 87 Cal.App.2d at 104-105; *Columbia-Geneva Steel Div., U.S. Steel Co.* v. *Industrial Acc. Com., supra,* 115 Cal.App.2d at 865; *Argonaut Ins. Exchange* v. *Industrial Acc. Com., supra,* 120 Cal.App.2d at 152, 153.)

Such principle applies to the case at bar. As heretofore pointed out the only evidence to show probable cause that defendant had committed a felony was evidence seized by the police officers. This evidence is only admissible if the search was legal (*People* v. *Cahan, supra,* 44 Cal.2d 434). In an attempt to show the search was legal the prosecution witnesses testified that they were acting on the information of a reliable informant. This was the sole evidence offered by the prosecution to prove the legality of the search. Defendant can only rebut this evidence by either showing that the informant does not exist, that he is unreliable, or that the information conveyed to the police officers was otherwise than that testified to. But the opportunity to establish any one of these alternatives depends on knowledge of the informant's identity. To deny defendant this opportunity is to hold him to answer on the basis of ex parte statements, which we know from experience are too unreliable to be considered as evidence where factual issues are disputed.

The words of Mr. Justice Douglas dissenting in *United States* v. *Nugent,* 346 U.S. 1 at 13 [73 S.Ct. 991, 97 L.Ed. 1417], echo the unfairness of such a denial. "The use of statements by informers who need not confront the person under investigation or accusation has such an infamous history that it should be rooted out from our procedure. A hearing at which these faceless people are allowed to present their whispered rumors and yet escape the test and torture of cross-examination is not a hearing in the Anglo-American sense."

Thus, the choice was with the prosecution; they could elect to claim the privilege of not disclosing the informants' identity, and have the evidence on direct examination stricken, or save this direct testimony by revealing the name of the informants. In this case they chose to rely on the privilege. Under these circumstances the testimony of the police officers, who refused to submit to cross-examination, is to be stricken from the record. (*People* v. *Manchetti, supra,* 29 Cal.2d at

459-462; *People* v. *McGowan, supra,* 80 Cal.App. at 296, 297; *People* v. *Seitz, supra,* 100 Cal.App. at 119, Code Civ. Proc., §§ 1846, 2048; see *People* v. *Ochoa,* 118 Cal.App.2d 566, 568-569 [258 P.2d 104]; McCormick on Evidence, § 19; 5 Wigmore on Evidence (3d ed.) § 1391, p. 112.)

Therefore, there is no competent evidence of probable cause before the magistrate and the writ of prohibition must be granted.

SPENCE, J., Dissenting.—This is not an appeal from a judgment of conviction following a trial. It is a proceeding to prohibit the respondent court from trying the charges against petitioner upon the theory that said court has no jurisdiction. The claim of lack of jurisdiction is based upon the theory that there was no competent evidence against petitioner at the preliminary examination, and therefore petitioner was held to answer without "reasonable or probable cause." (Pen. Code, § 995.) The claim that there was no competent evidence against petitioner is in turn based solely upon the theory that all the incriminating evidence introduced against petitioner at the preliminary examination became incompetent because the committing magistrate allegedly erred in denying petitioner the right to ascertain from the police officers the identity of their informers. The majority opinion sustains all of petitioner's claims and orders the issuance of a writ of prohibition. I cannot agree.

It is conceded that there was introduced at the preliminary hearing uncontradicted evidence showing that petitioner was guilty as charged of possessing narcotics in violation of section 11500 of the Health and Safety Code. At the time of his arrest, he had narcotics both on his person and in his apartment. When questioned about the black metal box which he had in his pocket and which contained narcotics, he said: "You have got me. This is mine. This is for my own use."

If the above-mentioned testimony had been introduced before a grand jury and petitioner had thereafter been charged by indictment, there would be no question concerning the jurisdiction of the superior court to proceed with the trial of petitioner. In that case, petitioner could not have complained because he had not been present when the testimony was taken before the grand jury and, of course, he would have had no opportunity to cross-examine the witnesses or to demand the disclosure of the names of any informers. But here the majority denies the existence of

the jurisdiction of the superior court to proceed with a trial on the merits merely because of the claimed error on the part of the committing magistrate in refusing to compel the disclosure of the identity of the informers at the preliminary hearing. I do not believe that such error, if any, at the preliminary hearing should be dignified with jurisdictional significance in any case; and that therefore the writ of prohibition, which is strictly a jurisdictional writ (Code Civ. Proc., § 1102), should be denied.

I find no constitutional problem, and certainly no jurisdictional problem, arising from the alleged error at the preliminary hearing. Such preliminary hearings are not clothed with the formalities of a trial on the merits, and the only grounds for setting aside an indictment or information, or for issuing a writ of prohibition, are those specified in sections 995 and 999a of the Penal Code. Mere error in admitting or refusing to admit evidence at the preliminary hearing is not one of the grounds so specified. In this connection, *Costello* v. *United States,* 350 U.S. 359 [76 S.Ct. 406, 100 L.Ed. 397], while involving a grand jury indictment, points out the distinction between proceedings on the trial and those leading up to the filing of the charges. It was there said at page 364: ''In a trial on the merits, defendants are entitled to a strict observance of all the rules designed to bring about a fair verdict.'' The court declared, however, on page 362: ''But neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act.'' With respect to other preliminary proceedings, attention may be directed to *Hurtado* v. *California,* 110 U.S. 516 [4 S.Ct. 111, 292, 28 L.Ed. 232]; *Lem Woon* v. *Oregon,* 229 U.S. 586 [33 S.Ct. 783, 57 L.Ed. 1340]; *Gaines* v. *Washington,* 277 U.S. 81 [48 S.Ct. 468, 72 L.Ed. 793]; *People* v. *Bird,* 212 Cal. 632 [300 P. 23].

In reaching the foregoing conclusion that the writ of prohibition should not issue here, I have assumed, solely for the purpose of the above discussion, that the committing magistrate may have erred in his rulings at the preliminary hearing. I now turn to the question of whether there was any such error.

In the present case, the two counts of the information charged ''mere possession'' by petitioner of two different types of narcotics on the day of his arrest. No informer was ''present with the accused'' at the time of the alleged offenses; and no informer was a ''participant'' in either of

the offenses of "mere possession" with which petitioner was charged. Under these circumstances, the case of *Roviaro* v. *United States*, 353 U.S. 53 [77 S.Ct. 623, 1 L.Ed.2d 639], clearly indicates that there was no error in the rulings of the committing magistrate. The opinion in the Roviaro case is discussed at some length in my concurring and dissenting opinion in *People* v. *McShann*, Crim. 6243, *ante*, p. 802 [330 P.2d 33], this day filed, and such discussion need not be repeated here.

In conclusion, I desire to make one further observation concerning this proceeding. The evidence hereinabove summarized showed without contradiction that petitioner had committed, and was committing, the felony of possession of narcotics at the time of his arrest. I am therefore of the opinion that his arrest was lawful, as "A peace-officer may . . . without a warrant, arrest a person: . . . 2. When a person arrested has committed a felony, although not in his presence." (Pen. Code, § 836.) I am further of the opinion that the search which produced the narcotics was a reasonable search as an incident of such lawful arrest. My views on this subject are set forth at some length in my dissenting opinion in *Badillo* v. *Superior Court*, 46 Cal.2d 269, at pages 273-278 [294 P.2d 23]. I adhere to those views and believe that this court should reexamine the decision in that case. Under the circumstances before us, the question of where the arresting officer here may have obtained his information is wholly immaterial in determining that the arrest was lawful, and that the search was reasonable as an incident of such lawful arrest.

The majority express the fear that any contrary holding here "would destroy the exclusionary rule." I cannot agree. This court has committed itself to the task of establishing "workable rules" to supplement the exclusionary rule and to the avoidance of "needless refinements and distinctions" and "needless limitations on the right to conduct reasonable searches and seizures." (*People* v. *Cahan*, 44 Cal.2d 434, 450-451 [282 P.2d 905, 50 A.L.R.2d 513].) In my view, the majority opinions in this case and in the Badillo case fall short of that commitment, and on the contrary, contain within themselves the seed of the destruction of the exclusionary rule. The rules set forth in said opinions appear to me to have the effect of defeating rather than promoting the ends of justice, and thus inviting the destruction of the exclusionary rule through legislative nullification.

In summary, and without regard to any questions of the desirability of reexamining the decision in *Badillo* v. *Superior Court, supra,* I am of the opinion that, even assuming error in the challenged rulings, no constitutional or jurisdictional question is presented here; that under the decision in *Roviaro* v. *United States, supra,* there was no error in the ruling of the committing magistrate; that there was competent, uncontradicted evidence to sustain the order holding the petitioner to answer; and that the superior court has jurisdiction to proceed with the trial.

I would therefore deny the petition for a writ of prohibition.

Shenk, J., and McComb, J., concurred.

Respondent's petition for a rehearing was denied October 28, 1958. Shenk, J., Spence, J., and McComb, J., were of the opinion that the petition should be granted.