[Crim. No. 6330.   Second Dist., Div. Three.   Dec. 22, 1958.]

THE PEOPLE, Respondent, v. HORACE LEE FAULKNER, Appellant.

Horace L. Faulkner, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

VALLÉE, J.—In a nonjury trial defendant was convicted of possession of marijuana. He appeals from the judgment. The specifications of error appear to be that the police unlawfully searched defendant; his consent to the search was involuntary; the court erred in not compelling disclosure of an informer.

About 3:25 p.m. on January 22, 1958, two police officers received information from an informer that a man named Horace was living at 7773 Parmalee Street, Los Angeles, and that he was in possession of and dealing in marijuana. The informer gave the officers a vague description of defendant.

About 15 minutes later the officers went to 7773 Parmalee Street. They knocked on the door of the lower apartment. A feminine voice asked who was there. The officers identified themselves and asked the female to come to the door. In a few seconds the door was opened by a woman named Ann. The officers asked Ann if Horace was at home. She said he was not. They asked if they might enter. She said they might, and they did. About 5 or 10 minutes later defendant entered the apartment. He asked the officers who they were. They identified themselves and stated they had information he was dealing in narcotics. Defendant said he knew nothing about narcotics. One of the officers asked defendant if they could search him and the premises. Defendant said, "Sure, that is all right. We might as well get this cleared up." Defendant testified one of the officers asked him if he minded "if he searched"; that he replied no, he did not mind.

One of the officers searched defendant and found a package containing brown paper-wrapped cigarettes in a trouser pocket. The officer asked defendant where he had received them. Defendant stated he had just bought them, that he had given a fellow $4.00 for them. The cigarettes contained marijuana. No search was made of the premises. The officers did not have a warrant for defendant's arrest or a search warrant.

The evidence was not obtained by an unlawful search. One can freely consent to a search of his person; and having done so, any search or taking of evidence pursuant to his consent is not unlawful and his constitutional rights are

not violated. ■ Whether in a given case the consent was voluntary is a question of fact. (*People* v. *Michael*, 45 Cal.2d 751, 753 [290 P.2d 852].) ■ One of the arresting officers testified the consent to the search was freely and voluntarily given. Defendant testified but he did not assert the officers used any force or violence to obtain his consent. The evidence justified the trial court in concluding that defendant voluntarily consented to the search.

■ Counsel for defendant asked the officer who searched defendant the name of the informer. The People's objection to the question was sustained. Defendant's motion to strike the testimony of the officer concerning the information he had received from the informer was denied; his objection to reception of the cigarettes in evidence was overruled; and his motion to strike the testimony of the officer in its entirety was denied. Apparently relying on *Priestly* v. *Superior Court*, 50 Cal.2d 812 [330 P.2d 39], defendant contends the search and his arrest were based on the information from the informer, and consequently it was prejudicial error not to require disclosure of the identity of the informer and to deny the motion to strike the testimony of the officer.

If the only evidence of guilt was illegally obtained, the judgment is without support. (*Priestly* v. *Superior Court, supra*.) However, if there is other competent evidence of guilt, the evidence supports the judgment. (*Mitchell* v. *Superior Court*, 50 Cal.2d 827 [330 P.2d 48].) Here neither the search nor the finding of guilt was predicated on the information claimed to have been received from the informer. The search was predicated on defendant's consent to the search of his person. Guilt was predicated on the finding of marijuana on his person.

■ *People* v. *McShann*, 50 Cal.2d 802 [330 P.2d 33], says (p. 808): "A mere informer has a limited role. 'When such a person is truly an informant he simply points the finger of suspicion toward a person who has violated the law. He puts the wheels in motion which cause the defendant to be suspected and perhaps arrested, but he plays no part in the criminal act with which the defendant is later charged.' [Citation.] His identity is ordinarily not necessary to the defendant's case, and the privilege against disclosure properly applies. When it appears from the evidence, however, that the informer is also a material witness on the issue of guilt, his identity is relevant and may be helpful to the defendant. Nondisclosure would deprive him of a fair trial. Thus, when

it appears from the evidence that the informer is a material witness on the issue of guilt and the accused seeks disclosure on cross-examination, the People must either disclose his identity or incur a dismissal.''

In the present case the informer played no part in the criminal act; he was not a material witness on the issue of guilt and his identity was not relevant. Nondisclosure did not deprive defendant of a fair trial.

Judgment affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied January 19, 1959, and appellant's petition for a hearing by the Supreme Court was denied February 18, 1959.