Fuld, J. (dissenting).
It was error, in my judgment, for the trial court to refuse to require the People to divulge the identity of the informer. As the Supreme Court observed in Roviaro v. United States (353 U. S. 53, 60-61), “Where the disclosure of an informer’s identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege [of nondisclosure] must give way.”
Where the informant’s information does no more than trigger or initiate the investigation and such investigation uncovers sufficient evidence, separate and apart from the informer’s communication, to establish probable cause for the arrest and search, the informer’s identity need not be divulged. (See, e.g., Roviaro v. United States, 353 U. S. 53, 61, supra; Scher v. United States, 305 U. S. 251; see, also, Note, 76 A. L. R. 2d 262, 331-338.) Where, however, testimony of communications from an informer is necessary to establish the legality of an arrest and search, his identity must be disclosed. (See, e.g., Roviaro v. United States, 353 U. S. 53, 60-61, supra; Costello v. United States, 298 F. 2d 99, 101; United States v. Conforti, 200 F. 2d 365, 367; Wilson v. United States, 59 F. 2d 390, 392; Priestly v. Superior Ct., 50 Cal. 2d 812; see, also, Drouin v. State, 222 Md. 271, 287; Note, 76 A. L. R. 2d 262, 338-343.)
In such a situation, the disclosure of the informer’s identity is essential to a fair hearing on the issue of probable cause. Without knowledge of the informer’s identity and an opportunity to question him, it is impossible for a defendant to show either that the informer does not exist, that he was unreliable or that the information which he gave to the police was other than as testified to. (See, e.g., Priestly v. Superior Ct., 50 Cal. 2d 812, 823, supra, per Cartee, J., concurring; Drouin v. State, 222 Md. 271, 287, supra.) “If testimony of communications *455 from a confidential informer is necessary to establish the legality of a search,” the high court of California wrote, “ the defendant must be given a fair opportunity to rebut that testimony. He must therefore be permitted to ascertain the identity of the informer * * *. Only by requiring disclosure and giving the defendant an opportunity to present contrary or impeaching evidence as to the truth of the officer’s testimony and the reasonableness of his reliance on the informer can the court make a fair determination of the issue.” (Priestly v. Superior Ct., 50 Cal. 2d 812, 818, supra.) And, in considering whether such a requirement may “ unreasonably discourage the free flow of information to law enforcement officers or otherwise impede law enforcement ”, the court went on to say (p. 818), “ Actually its effect is to compel independent investigations to verify information given by an informer or to uncover other facts that establish reasonable cause to make an arrest or search. Such a practice would ordinarily make it unnecessary to rely on the communications from the informer to establish reasonable cause.”
In the case before us, a showing of probable cause necessarily depended in part upon the information furnished by the unknown informer. The law enforcement officials, it is true, testified that they “ checked ” the story given by the informer — and we have no reason to disbelieve them — but the fact remains that the conclusion that the informer actually existed and that he gave the information ascribed to him depended solely upon their own testimony. Accordingly, since the defendant had no effective way of contradicting or impeaching this testimony without knowledge of the informer’s identity, disclosure should have been required. It may well be that the proof of the defendant’s guilt is clear but that does not decide this appeal, for, as the court emphasized in the Roviaro case (353 U. S. 53, 60, supra), “ fundamental requirements of fairness ” are involved.
I would reverse the order appealed from and direct a new hearing.
Judges Dye, Van Voorhis, Burke, Foster and Scxleppi concur with Chief Judge Desmond ; Judge Fuld dissents in an opinion.
Order and judgment affirmed.