Gibson, J.,
dissenting. Traditionally a writ of prohibition lies only where a court lacks jurisdiction and may not issue where a review of the proceeding by appeal is available. Certainly, prohibition can not be used to obtain an advance ruling as to the admissibility of evidence. Extraordinary remedies, however, must be adaptable to changes in the substantive law. *80 Where the substantive law changes so that illegally obtained evidence serves to void a conviction, as has been the law since Mapp v. Ohio (1961), 367 U. S., 643, then prohibition should lie.
It should be noted that relators have no rights of appeal from the denials of their motions to suppress the evidence or the denials of their motions to dismiss the indictments. They will be required to stand trial and to appeal, if convicted, to obtain determinations as to whether the evidence upon which the prosecution rests is constitutionally admissible.
Had the state not stipulated that all the evidence on which the indictments and the prosecutions rest consists of the films taken by the police and their observations made while in hiding, it would be easier to comprehend the justice of applying the traditional rules. However, if as the relators contend, this evidence, which is all the evidence, is the result of an unlawful search and seizure there can be no lawful convictions.
Assuming, without deciding, that the relators are correct in their contentions, it seems totally unnecessary to force them to expend time and money, which they may not possess, for trials and possible subsequent appeals to the Court of Appeals and then to this court before the convictions are set aside. True, under such a process, one or more of the relators may abandon their fight for liberty because of lack of funds or because they can not bear the harassment of extended litigation. This is not the brand of justice of which Americans are so justifiably proud.
If as the relators contend the only evidence in these cases was obtained by illegal search and seizure contrary to constitutional guarantees, then prohibition would appear to be a proper remedy even though rights of appeal are available to them. Other states have held prohibition to be an appropriate remedy in circumstances very similar to the cases at hand. Bielicki v. Superior Court of Los Angeles County (1962), 21 Cal. Rptr., 552, 371 P. (2d), 288; Byars v. Superior Court of Los Angeles County (1962), 21 Cal. Rptr., 556, 371 P. (2d), 292; Britt v. Superior Court of Santa Clara County (1962), 24 Cal. Rptr., 849, 374 P. (2d), 817; Priestly v. Superior Court of City and County of San Francisco (1958), 50 Cal. (2d), 812, 330 P. (2d), 39. Also, see Broadbent v. Gibson (1943), 105 Utah, 53, 140 P. (2d), 939.
*81 For the foregoing reasons it is my opinion that the relators are entitled to determinations now as to whether the only evidence-upon which these prosecutions rest was obtained by an illegal search and seizure. To say that they have an adequate legal remedy by appeal is to place undue influence upon a neat package of rules without regard for the changes which have occurred in the substantive law or for the social consequences of such rules.