[Crim. No. 10137.   Second Dist., Div. Four.   Oct. 26, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. HOLLIE GARRETT, Defendant and Appellant.

Stanley L. Avery, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Charles R. Kocher, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant was convicted by the court of possession of heroin (Health & Saf. Code, § 11500). A motion for new trial was denied and three prior felony convictions alleged in the information were found not true. Further criminal proceedings were suspended and defendant was committed to the California Narcotic Rehabilitation Facility pursuant to section 6451 of the Penal Code. Defendant's appeal, stated to be from the "judgment of conviction," is treated as an appeal from the order denying a new trial since no final judgment of conviction has been entered. (Pen. Code, § 1237, subd. 2).

Police Officers Hanks, Flynn and Walker testified for the prosecution on the issue of probable cause for search. On January 10, 1963, these officers, accompanied by Lieutenant Kennedy, all of the Narcotics Division of the Los Angeles Police Department, were parked in an unmarked police vehicle about one block south of an apartment located at 1157 West 30th Street. They were in plain clothes. The officers had received information from two informants that defendant, who lived at this location with an unidentified female, was a user and seller of heroin. At about 5:30 p.m. defendant and a woman came out of the front door of the apartment and began to walk in a westerly direction on 30th Street to the corner of the block. The officers drove up to this corner and pulled their vehicle over to the curb in front of defendant and the woman. Officer Hanks, who was seated in the right rear seat of the vehicle adjacent to where defendant was standing, displayed his badge and stated that he was a police officer. Defendant, about 3 feet away from the officer at the time, turned and began to run back along 30th Street in the direction of the apartment. As he turned and started to run he made a motion toward his mouth with his left hand. The officers pursued and caught him a short distance down the street. Hanks grabbed him by the right arm and Walker took hold of his left arm. A short scuffle followed during which defendant was wrestled into a prone position on the street. In the course of this struggle defendant dropped a red balloon from his left hand. Hanks picked up the balloon and the other officers handcuffed defendant. A key was then removed from defendant's pocket, and the apartment—which was about 10 feet away from the place where defendant was subdued, was searched. A wax paper bindle was found in the mail box and a blue balloon was discovered under a bed. (It was stipulated that the contents of the red balloon which de-

fendant dropped, and of the items found in the mail box and in the apartment, were tested and found to contain heroin.)

On cross-examination Officers Hanks and Flynn refused to disclose the identities of the persons who had informed them that defendant was dealing in heroin, each officer invoking section 1881 subdivision 5 of the Code of Civil Procedure.[1] Defense counsel moved the court to require the disclosure of the identity of the informers or, in the alternative, to strike the testimony of the officers as it related to the information received from these persons, on the ground that this testimony was necessary to establish the legality of the search. The court denied the motions.

■ As stated in *People* v. *Williams,* 51 Cal.2d 355, 357 [333 P.2d 19], ''It has long been recognized that, although the government is generally privileged to withhold the identity of informers, the privilege must give way when it comes into conflict with the fundamental principle that a person accused of crime is entitled to a full and fair opportunity to defend himself. [Citations.]''

■ When the testimony of communications from a confidential informant is necessary to establish the legality of a search, the defendant must be given a fair opportunity to rebut that testimony, and must therefore be permitted to ascertain the identity of the informant; such result is dictated because the legality of the officer's action depends upon the credibility of the information and not on his own observations on which he may be cross-examined by defendant. (*Priestly* v. *Superior Court,* 50 Cal.2d 812, 818 [330 P.2d 39].) Thus ''. . . when the prosecution seeks to show reasonable cause for a search by testimony as to communications from an informer, either the identity of the informer must be disclosed when the defendant seeks disclosure or such testimony must be struck on proper motion of the defendant.'' (*Priestly* v. *Superior Court, supra,* at p. 819.)

■ The Attorney General, while conceding the existence of the above stated rule, maintains that it has no application to the facts of this case because reasonable cause existed apart from the communications of the unidentified informers. (*People* v. *Ortiz,* 208 Cal.App.2d 572, 580 [25 Cal.Rptr. 327].) The Attorney General argues that, when defendant turned,

---

[1]Section 1881, subdivision 5 of the Code of Civil Procedure provides: ''A public officer cannot be examined as to communications made to him in official confidence, when the public interest would suffer by the disclosure.''

made a motion with his hand in the direction of his mouth and ran upon learning that Hanks was a police officer, the officers had reasonable cause to arrest him. We disagree with this position. Under the circumstances of this case, absent the information supplied by the unnamed informers, the mere flight of defendant justified neither arrest nor search. The additional circumstance present here, namely, that defendant's hand went up in the direction of his mouth as he started to run, adds nothing, unless connected to this information. Without it the fact that defendant made such a motion could have no particular significance. The failure to strike the testimony regarding the informers denied defendant a fair trial within the meaning of article VI, section 4½ of the California Constitution.

This case was tried prior to the decision handed down in *People v. Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], and evidence of two statements made by defendant to the police after his arrest was admitted. However, we need not discuss the issues raised by the *Dorado* decision since a reversal is required, in any event, for the reasons above discussed. In addition, a number of other contentions were raised which do not warrant discussion.

The order denying the motion for new trial is reversed.

Files, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied November 22, 1965.