Filed 7/2/14  P. v. Christman CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KEITH HAROLD CHRISTMAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B252792<br>(Super. Ct. No. 2013024979)<br>(Ventura County) |

Keith Harold Christman appeals a judgment entered following his guilty plea to transportation of methamphetamine.  (Health & Saf. Code, § 11379, subd. (a).)  We affirm.

### *FACTS AND PROCEDURAL HISTORY*

In late July 2013, Ventura County Sheriff's Narcotics Detective Shane Matthews used a confidential informant to execute a "controlled-buy" of methamphetamine from Christman.  Matthews monitored the telephone conversation between the informant and Christman as they arranged the methamphetamine purchase.  The informant wore a wireless transmitter during the exchange conducted in a grocery store parking lot.  Matthews monitored that conversation as well, and Sheriff's Deputy Alvarez observed the drug transaction ("an exchange at waist level and then the informant walked away").  The deputies conducted a controlled-buy protocol that included searching the informant before the transaction and receiving a

methamphetamine bindle from him immediately following the transaction.  They did not arrest Christman immediately following the drug transaction nor did they seek an arrest warrant.

In the afternoon of August 8, 2013, Matthews and other deputies saw Christman in the same grocery store parking lot and arrested him.  During a search incidental to arrest, deputies found three packages of methamphetamine, amounting to 12.3 grams, on Christman and his bicycle.  Following advisement of his rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, 444, Christman admitted that he purchased the methamphetamine earlier that day, and planned to give a portion of it to "people [who] went in on it with [him]."

On September 9, 2013, Christman was charged with transportation of methamphetamine, based upon the 12.3 grams of methamphetamine found when he was arrested.  He was not charged with possession or sale of methamphetamine based upon the drug transaction with the confidential informant.

Following Christman's arraignment, he filed a motion to suppress evidence of the methamphetamine and his admissions to Matthews, and a discovery motion.  In part, Christman sought disclosure of the identity of the confidential informant in order to challenge probable cause for the arrest and search.  After an evidentiary hearing and argument by the parties, the trial court denied the motion.  The trial judge stated:  "[T]he officers are certainly in plain view to witness what they believe to be a narcotics transaction, the circumstances are sufficiently reliable . . . to give them probable cause, . . . the informant was searched and no drugs were found [before the transaction].  [Alvarez] witnessed this exchange and then within moments drugs are found on [the informant] or in his possession.  Certainly gives [the officers] probable cause to believe that [Christman] sold drugs to the informant on that occasion."  The trial judge also decided that the confidential informant was not a material witness regarding probable cause given Alvarez's observation of the exchange.

2

On October 30, 2013, Christman waived his constitutional rights and pleaded guilty to transportation of methamphetamine. The trial court suspended imposition of sentence and granted Christman 36 months of formal probation, with terms and conditions that included service of 180 days in county jail and payment of various fines and fees. The court awarded Christman 214 days of presentence custody credit and then ordered the jail confinement condition deemed served.

Christman appeals and contends that: 1) the trial court erred by not ordering disclosure of the identity of the confidential informant and discovery of the recorded drug-related conversations; 2) denial of the discovery precluded his effective cross-examination of Matthews during the suppression hearing; and 3) the information supporting probable cause to search and arrest was "stale."

## DISCUSSION

### I.

Christman argues that the trial court erred by not compelling disclosure of the identity of the confidential informant and the release of recordings evidencing the controlled-buy drug transaction. He asserts that statutory rights and constitutional principles of due process of law require disclosure of the informant's identity as well as the relevant recordings to allow testing of probable cause to arrest and search. Christman relies upon *Priestly v. Superior Court* (1958) 50 Cal.2d 812, 818-819 (prosecution must disclose identity of confidential informant where probable cause rests upon communications from informant to police officer).

Evidence Code section 1042, subdivision (c) permits the trial court in its discretion to deny a request for disclosure of the identity of a confidential informant whose information bears on probable cause to arrest or search: "[A]ny otherwise admissible evidence of information communicated to a peace officer by a confidential informant, who is not a material witness to the guilt or innocence of the accused of the offense charged, is admissible on the issue of reasonable cause to make an arrest or search without requiring that the name or identity of the informant be disclosed if the

3

judge or magistrate is satisfied . . . that such information was received from a reliable informant and in his discretion does not require such disclosure."

The trial court's denial of Christman's discovery motion does not impair his constitutional or statutory rights. The controlled-buy observations of Detectives Matthews and Alvarez provide probable cause to arrest and then search Christman. Alvarez witnessed an exchange at waist level that appeared to be a drug transaction. A deputy searched the informant prior to the transaction and afterward, the informant gave Matthews a bindle of methamphetamine that he obtained from Christman. Matthews was an experienced narcotics officer who had served as a deputy sheriff for 18 years. Law enforcement officers may draw on their own experience and specialized training to make inferences from and deductions about the cumulative information provided them that might otherwise elude an untrained person. (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 145-146.)

*Priestly v. Superior Court*, *supra*, 50 Cal.2d 812, does not assist Christman. It held: "If testimony of communications from a confidential informer is necessary to establish the legality of a search, the defendant must be given a fair opportunity to rebut that testimony. He must therefore be permitted to ascertain the identity of the informer, since the legality of the officer's action depends upon the credibility of the information, *not upon facts that he directly witnessed and upon which he could be cross-examined.*" (*Id.* at p. 818, italics added.)

Moreover, the trial court did not abuse its discretion by denying disclosure pursuant to Penal Code section 1538.5 or Evidence Code section 1042, subdivision (c). The informant's identity does not bear on guilt or innocence of the charged offense of transporting methamphetamine on the day of Christman's arrest. The court also found the information supporting probable cause to arrest to be reliable based upon the deputies' observations of the controlled-buy transaction and the turnover of the methamphetamine bindle following the transaction. (*People v. Scott* (2011) 52 Cal.4th 452, 474 [probable cause exists when facts known to the arresting officer would persuade someone of

4

reasonable caution that the person to be arrested has committed a crime].) Thus a finding concerning the reliability of the confidential informant is not necessary.

## II.

Christman contends that denial of his motion to discover the identity of the informant and the content of the recordings precluded his effective cross-examination of Matthews during the suppression hearing. He relies on *Priestly v. Superior Court*, *supra*, 50 Cal.2d 812, 818 (defendant must receive fair opportunity to rebut police testimony based upon communications from confidential informant) and *In re Marcos B.* (2013) 214 Cal.App.4th 299, 303 (minor denied a fair trial where juvenile court restricted cross-examination of arresting officer regarding location where officer observed drug transaction).

The trial court did not improperly restrict Christman's cross-examination by refusing the discovery request. As discussed *ante*, *Priestly v. Superior Court*, *supra*, 50 Cal.2d 812, 818, does not require disclosure where the officer testifies regarding "facts that he directly witnessed and upon which he could be cross-examined." Matthews and Alvarez provided the first-hand information upon which probable cause to arrest exists here; in essence, they are the informants.

*In re Marcos B.* concerned the restriction of cross-examination of the main witness against the minor in a wardship proceeding. There the prosecutor claimed a privilege not to disclose the surveillance location from which the arresting officer observed a drug transaction. The reviewing court decided that it was crucial that the minor "be able to cross-examine [the arresting officer] in a manner designed to test whether his claimed observations were both reliable and credible." (*Marcos B.*, *supra*, 214 Cal.App.4th 299, 303.) The juvenile court's upholding of the prosecutor's claim of privilege therefore denied the minor a fair trial. (*Id.* at pp. 302-303.) In contrast, the proceeding here concerns the finding of probable cause to arrest, not the finding of proof beyond a reasonable doubt in a trial.

5

III.

Christman argues that the trial court's finding of probable cause to arrest and search rests upon unreliable and stale information. He points out that Matthews did not observe the drug transaction and that Alvarez only saw an exchange at waist level between the two men. Christman also contends that the evidence of drug-dealing was stale by the time sheriff's deputies arrested and searched him, one week following the controlled-buy transaction. (*People v. Hulland* (2003) 110 Cal.App.4th 1646, 1652 ["Information that is remote in time may be deemed stale and thus unworthy of consideration in determining whether an affidavit for a search warrant is supported by probable cause"].)

The trial court did not err by finding probable cause to arrest and search based upon Matthews's testimony. (*People v. Scott*, *supra*, 52 Cal.4th 452, 474 [statement of probable cause standard].) Alvarez informed Matthews that "he saw the confidential informant walk over to [Christman]; that they had a brief conversation face to face. There was an exchange kind of at the waist area, and then the confidential informant walked away." Matthews overheard the conversation between the informant and Christman during the exchange. Thereafter, the informant entered Matthews's vehicle and turned over a bindle of methamphetamine. Matthews could rely upon the information provided by Alvarez in finding probable cause to arrest and search Christman. (*People v. Roberts* (2010) 184 Cal.App.4th 1149, 1190-1191 [well settled that an officer may make arrest based on information and probable cause provided by another officer].)

Moreover, no "bright-line rule" defines the point at which information is considered stale. (*People v. Carrington* (2009) 47 Cal.4th 145, 163.) The question of staleness depends upon the factual circumstances in each case. (*Id.* at pp. 163-164 [warrant obtained two months following burglaries did not rest upon stale information given that stolen checks still could be forged and cashed]; *People v. Hulland*, *supra*, 110

6

Cal.App.4th 1646, 1652 [warrant obtained 52 days following controlled buy rested upon stale information given lack of evidence of defendant's subsequent drug activity].)

Assuming but not deciding that a staleness analysis applies to probable cause to arrest, deputies arrested Christman in the same parking lot in which he sold methamphetamine to the confidential informant one week earlier. Under the circumstances, the trial court properly decided that the deputies did not act upon stale information.

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                        GILBERT, P. J.

We concur:


        YEGAN, J.



        PERREN, J.


7

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

William Quest, Senior Deputy Public Defender, Stephen P. Lipson, Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Rene Judkiewicz, David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.