[Crim. No. 6244.  Second Dist., Div. Three.  Dec. 12, 1958.]

THE PEOPLE, Respondent, v. AMADOR RAMOS
CISNEROS, Appellant.

Gladys Towles Root and Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, and Miles J. Rubin, Deputy Attorney General, for Respondent.

SHINN, P. J.—In a court trial, Amador Ramos Cisneros was found guilty of possessing heroin and was sentenced to state prison.  He appeals from the judgment.

The evidence consisted of the transcript of the preliminary hearing and additional evidence introduced at the trial.  At 12:30 p. m. on October 2, 1957, Officers Sanchez, Comacho and Malogovitch had under observation an apartment located at

332 West 28th Street in Los Angeles. Officer Sanchez testified that Cisneros left the apartment and started to walk east on 28th Street. Sanchez approached Cisneros and identified himself as a police officer, whereupon appellant ran into the driveway of the building next door to Number 332 and dropped a piece of newspaper on the ground. The newspaper opened and Sanchez observed three balloons, which contained a number of capsules. In the officer's opinion, based upon his familiarity with the method of transporting narcotics in Los Angeles County, the capsules contained a narcotic. They were proved to contain heroin.

Officer Sanchez called out to Officer Comacho, who apprehended appellant and placed him under arrest. When asked by the officers for identification, Cisneros showed them a driver's license giving his address as 332 West 28th Street. Upon being asked why he ran, appellant replied that he had to try and make it. The officers asked him whether the capsules were "all he had" and Cisneros replied in the affirmative; appellant told the officers that the capsules contained two or three grams for his personal use.

The officers went to the apartment with Cisneros. Officer Comacho searched the bedroom closet and found five gelatin capsules containing a white powder inside a coat; the officer also found a small piece of newspaper containing a contraceptive with white powder in it. Appellant told the officers that the coat was his; he also stated that the "stuff" in the closet belonged to him. The powder was proved to consist of heroin. The officers also found a box of empty gelatin capsules in appellant's bathroom.

The contraband dropped by Cisneros outside the apartment was received in evidence without objection. Appellant's counsel initially objected to the introduction in evidence of all the items found in the apartment. At the close of the People's case, he renewed his objection, but limited it to the box of empty gelatin capsules; the objection was overruled by the court.

Cisneros testified in his own behalf that when he passed the officers on the street they called out and he ran; they did not inform him that he was under arrest. He did not drop anything and they did not recover anything from the ground. He told the officers that the containers in the closet were his because they were trying to "complicate" his sister.

The sole assignment of error to be considered is that the

court erred in admitting the narcotics in evidence. Cisneros argues, in this connection, that he was arrested without reasonable or probable cause, that the evidence was insufficient to show the commission of a public offense in the presence of the officers, and that the heroin was obtained through an unlawful search and seizure. The argument is without merit.

Cisneros was represented by counsel at the trial and his attorney waived his objection to the admission of the heroin in evidence, preserving an objection only as to the empty capsules. ■ It is established that the admissibility of evidence allegedly obtained by means of an unlawful search and seizure will not be reviewed on appeal in the absence of a proper objection in the trial court. (*People* v. *Hyde,* 51 Cal.2d 152, 157 [331 P.2d 42], and cases cited.) ■ Furthermore, there can be no doubt of the lawfulness of the officers' actions in the present case. When approached by Officer Sanchez, appellant attempted to flee and dropped some balloons which the officer had reason to believe contained a narcotic. The circumstances warranted Sanchez in a reasonable belief that Cisneros was committing a felony. ■ Since the arrest of Cisneros was valid, the officers had the right to make a reasonable search of the premises under his immediate control and to seize evidence related to the offense. (*People* v. *Winston,* 46 Cal.2d 151, 161-163 [293 P.2d 40], and cases cited.) Thus a reasonable search of the apartment was proper and the evidence obtained thereby was not to be excluded. There was no error in receiving the heroin in evidence.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied January 9, 1959.