[Crim. No. 6313. Second Dist., Div. Two. Dec. 17, 1958.]

THE PEOPLE, Respondent, v. EUGENE SMITH, Appellant.

Elinor Chandler Katz, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

HERNDON, J.—After conviction of possession of marijuana (Health & Saf. Code, § 11500) defendant appeals from the judgment and sentence contending: (1) that the evidence upon which conviction was based was illegally obtained and improperly admitted over objection, and (2) that the lower court erred in admitting the arresting officer's testimony as to statements made to him by an unidentified informant.

On November 20, 1957, an unidentified informant gave Pasadena Police Officer Peter Ellena, Jr., a physical description and name which corresponded to that of appellant, and the officer was told that "The subject has a quantity of marijuana secreted in his house." That evening at about 6 p. m. Sergeant Hamilton and Officers Cockell and Ellena proceeded to appellant's residence, described as a "two-story multiple dwelling," in which the appellant was a tenant. The two officers seated themselves in an automobile in the backyard of the building, and at about 6:10 p. m. they observed the appellant and another man come into the backyard. Officer Ellena testified that he overheard the other man say to appellant "Where is the pot?" (a slang term for marijuana) to which the appellant responded, "I have it—don't worry—it's not rolled up, but I have plenty of paper." The defendant then went into the house with the other man and came out in about 10 minutes carrying something in his hand. The officers stepped from the car and placed the appellant under

arrest. Finding no narcotics in appellant's hand, they requested that he take them to his room. Appellant complied and a search of the room was commenced. One of the officers asked appellant if he owned an automobile, to which appellant answered in the affirmative, describing the vehicle. Sergeant Hamilton then left the room and returned with two women and a man who had been waiting for appellant in the car. In the search of appellant's room, the officers discovered two brown cigarette papers, some seeds and certain debris which, according to the testimony of Officer Ellena, the defendant later said "could have been marijuana." Then Officers Ellena and Cockell went into the backyard and searched the garage where they discovered two bags containing about five ounces of marijuana. The officers testified that there was no car parked in the garage; that they had no conversation and made no investigation as to who used the garage, and that the garage was "cluttered" with furniture and storage.

Appellant denied possession of the marijuana when confronted with it in his room, but at the police station he admitted that he had purchased the contraband and taken it to his home a week previously. At the trial he testified that these self-incriminating statements to the officers were made so that the woman arrested with him would be released and on the officer's assurance that he would benefit from the admissions. The officers denied so inducing the confession. Appellant was convicted, and probation was denied.

In this proceeding appellant concedes that his arrest was legal and that the search of his person and his living quarters was a search reasonably incident to that arrest. However, he contends that the search of the *garage*, which uncovered the contraband on which his conviction is based, was not reasonably incident to the arrest, and that the evidence obtained thereby was therefore inadmissible. Stated simply, appellant's theory is that the search of the garage on the premises in which appellant, an owner of an automobile, was a tenant, was unreasonable, because there was nothing reasonably to suggest to the officers that the marijuana which was the object of their search, might be there secreted.

Appellant's position is untenable. As recently stated in *People* v. *Winston,* 46 Cal.2d 151, 162 [293 P.2d 40]: "While the Cahan case held that 'evidence obtained by police officers in violation of federal and state constitutional prohibitions against *unreasonable* search and seizure is inadmissible,' it did 'not purport to inhibit the right of law enforce-

ment officers to conduct a *reasonable* search and seizure incident to a valid arrest.' [Citations.] . . . ▪ 'It is well settled that a search without a warrant is valid where it is incident to a lawful arrest, if it is reasonable and made in good faith; and that a seizure, during such a search, of evidence related to the crime is permissible.' [Citations.] . . . 'The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime, and to search the place where the arrest is made in order to find and seize things connected with the crime . . . is not to be doubted.' " (See also *People* v. *Coleman,* 134 Cal.App.2d 594, 599 [286 P.2d 582].)

In *People* v. *Dixon,* 46 Cal.2d 456, 458-459 [296 P.2d 557], police officers entered defendant's apartment and arrested her. During the search of the apartment, the officers discovered and forcibly took from her person the key to the garage which she rented on the premises. In the garage, the officers discovered a quantity of heroin. In reversing the judgment of conviction for the failure to introduce evidence to justify the officers' entry into the apartment, the Supreme Court said: ". . . if on a new trial reasonable cause is shown for the entry of defendant's apartment and her arrest [citations], the contemporaneous search of the garage, would be a lawful search as an incident to that arrest since the garage was on the premises and under defendant's control."

▪ In the instant case, no question is raised as to the sufficiency of the evidence to support appellant's conviction of possession of narcotics. It should be emphasized that the sole question here presented is whether it was reasonable for the officers to search the garage after the search of the appellant's person and living quarters had failed to uncover the narcotics for which they were searching. In the appellant's room the officers had found cigarette papers, debris, and seeds which naturally would have tended to confirm the suspicions raised by the conversation they had overhead. It was entirely reasonable for the officers to infer that appellant probably had access to and might utilize the garage as a hiding place, since he owned an automobile and was a tenant in the building. The officers were not conducting an exploratory search for what might be uncovered (*cf. People* v. *Mills,* 148 Cal.App.2d 392 [306 P.2d 1005]; *Harris* v. *United States,* 331 U.S. 145 [67 S.Ct. 1098, 91 L.Ed. 1399]) but were searching for marijuana which they had good reason to believe was hidden some-

where on the premises, in the appellant's room or in an out-building to which he had access. (*Cf. Sayers* v. *United States,* 2 F.2d 146.)

In *People* v. *Wasco,* 153 Cal.App.2d 485, 487 [314 P.2d 558], the officers arrested the defendant in his rented room. Thereafter, the officers searched for and discovered contraband in a washroom at the end of the hallway on which the defendant's room faced, and such a search was held reasonably incident to a lawful arrest. In the instant case, as in *Wasco, supra,* the reasonableness of the search of an area beyond the immediate living quarters of the defendant rests on the fair inference that his control and activities extended to areas to which, as a tenant, he had the rights of access and use. (See: *Trowbridge* v. *Superior Court,* 144 Cal.App.2d 13, 18 [300 P.2d 222] [search of a garage located beneath defendant's apartment held reasonably incident to a lawful arrest made in the apartment in which defendant resided]; *People* v. *Lawrence,* 149 Cal.App.2d 435, 445 [308 P.2d 821] [where the defendant was arrested in the entry hall to his apartment, a search of the apartment for contraband held reasonable]; *People* v. *Montes,* 146 Cal.App.2d 530, 534 [303 P.2d 1064] [where search of an area twenty feet from the house in which defendant was arrested disclosed a vial of narcotics, the evidence was admissible].)

We hold that the search of the garage, which uncovered the contraband on which appellant's conviction rests, was reasonably incident to a concededly valid arrest, and the evidence so obtained was admissible.

We must also reject appellant's contention that the trial court erred to his prejudice in permitting Officer Ellena to disclose the accusatory information which the officer received in statements from an unidentified informant whose reliability was never established. The information was admissible when offered to show what led the officers to appellant's residence, where they overheard appellant indicate he was in possession of contraband and thereupon arrested him. (*People* v. *Fischer,* 49 Cal.2d 442, 446 [317 P.2d 967]; *Willson* v. *Superior Court,* 46 Cal.2d 291, 294 [294 P.2d 36].) Moreover, appellant did not object to the officer's testimony or move that it be stricken. Appellant concedes that the officers had probable cause to arrest him on the basis of their independent investigation subsequent to the receipt of the informant's statement. Therefore the reliability of the informant is irrelevant. (*Cf. People* v. *Fischer, supra,* 49 Cal.2d 442, 447;

*Priestly* v. *Superior Court,* 50 Cal.2d 812, 816-819 [330 P.2d 39].) During the course of the trial counsel for appellant unsuccessfully sought disclosure of the name of Officer Ellena's informant. The request was properly denied. The informant was not a material witness on the issue of guilt, nor were his statements necessary to establish the validity of the arrest or the search which followed. (*Priestly* v. *Superior Court, supra;* People v. *McShann,* 50 Cal.2d 802, 808 [330 P.2d 33].)

The appeal from the sentence is dismissed (*People* v. *Gallardo,* 41 Cal.2d 57, 60 [257 P.2d 29]) and the judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.