SHINN, P. J.
Frank N. Varela and Johnny and Hermelinda Cobos were jointly accused by information of the possession of heroin in violation of section 11500, Health and Safety Code. Varela was accused of having suffered three prior convictions of violations of narcotics laws. He was represented by court appointed counsel. In a non jury trial the defendants were convicted. The allegations of the prior convictions of Varela were found to be true and he was sentenced to state prison. He appeals in propria persona from the judgment. He has filed an opening and a closing brief.
The contentions are that the evidence was insufficient to justify the judgment; the arrest of Varela and the entry and search of the premises were unlawful; defendant was not competently represented by counsel and various other claims of deprivation of due process usually found in briefs emanating from state prisons.
There was evidence of the following facts: Enrique Rodriguez and others had been indicted for narcotics activities; Officer Pace and other officers went to the Cohos residence and waited until they saw Rodriguez enter; Cobos opened the door for the officers and when they disclosed their identity he stood aside and permitted them to enter; Pace saw Varela standing at a table in the kitchen putting a white powder from a spoon into capsules; there were two spoons, one of them blackened; there was a lighted candle on the table; the officers announced that all persons present were arrested; Varela dropped a capsule to the table and ran from the room; an eye dropper fell from the table; Pace followed Varela, who threw away a balloon; he was arrested and handcuffed. The powder Varela was placing in capsules was heroin; the balloon which he threw away contained six capsules filled with heroin. More heroin and paraphernalia for administration of heroin were found on the premises.
Varela denied all knowledge of the presence of narcotics; in his cross-examination he volunteered the statement that he *664 was an addict. Johnny Cohos, testifying for Varela, declared that all the narcotics and the paraphernalia belonged to him.
Although the officers had no warrant of arrest or a search warrant their entry of the premises was lawful. They were admitted by Cobos. (People v. Michael, 45 Cal.2d 751 [290 P.2d 852].) The officers observed Varela in possession of heroin, a felony, and his arrest was lawful. (Pen. Code, § 836, subd. 1.) All persons in the room were arrested and the search, which was incidental to the arrest, was lawful. (People v. Cisneros, 166 Cal.App.2d 100 [332 P.2d 376].) Even if all the articles found were not admissible against Varela, it was sufficient that he had possession of the heroin he was putting into capsules and that which he threw away, and these were not discovered in any search of the premises.
Varela had competent representation at the trial. While no objection was made to the introduction in evidence of the heroin and other articles there existed no valid ground of objection. Varela filed, and this court of necessity denied an application to produce evidence on the appeal to contradict the testimony of Officer Pace.
The trial was conducted without error and the judgment had ample support in the evidence.
The judgment is affirmed.
Vallée, J., and Ford, J., concurred.
A petition for a rehearing was denied April 29, 1960, and appellant’s petition for a hearing by the Supreme Court was denied June 8, 1960.