[Crim. No. 7465.   Second Dist., Div. One.   May 9, 1961.]

THE PEOPLE, Respondent, v. VIDAL HERNANDEZ
AGUILAR, Appellant.

Nathan Harris Snyder and Abraham Gorenfeld for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George W. Kell, Deputy Attorney General, for Respondent.

FOURT, J.—In an information filed in Los Angeles County, the defendant and appellant was charged in an information with a violation of section 11500, Health and Safety Code, in that he did on May 17, 1960, have certain heroin in his possession. In a second count he was charged with having amidone in his possession. It was also charged that on or about February 15, 1954, he had been convicted of a narcotics offense.

On September 8, 1960, when the cause was called for trial it was stipulated that the matter be submitted upon the transcript of the proceedings at the preliminary hearing with each to have the further right to introduce other evidence if so minded.

Appellant moved to suppress the evidence. The motion was denied. Appellant was found guilty as charged and the prior conviction was found to be true as asserted.

A résumé of the facts is as follows:

On May 19, 1960, Officer Dorrell of the narcotics squad of the Los Angeles Police Department knew of two warrants for the arrest of defendant and appellant, one a felony warrant for failure to appear at a burglary proceeding, the other a warrant in a failure to provide matter. The officer, with two other officers, went to appellant's home at 7418 Serapis Avenue in Los Angeles. The appellant was seen to get out of a pickup truck and start across the lawn of his premises toward his house. When appellant was about 20 or 25 feet from his house Dorrell asked appellant his name, to which appellant replied, "Vidal Aguilar." Aguilar was also asked whether he had any narcotics and he replied in the negative. Dorrell put the appellant under arrest and handcuffed him. At that time appellant was wearing a short sleeved shirt and the officer saw several marks on a tattoo on his right forearm which appeared to be fresh hypodermic needle marks. Dorrell, from his experience, concluded that the appellant was a user of narcotics.

Appellant asked two of the officers to take him inside the house and the two officers did so while Dorrell searched the pickup truck. Dorrell, after searching the truck, went into the house.

The officers had no search warrant to search the house, but did so upon the basis of the recent, fresh hypodermic marks on the arm of Aguilar. After approximately 10 minutes Dorrell opened a dresser drawer and at the time of doing so saw appellant's mother, the codefendant, open a night-stand drawer and remove therefrom what appeared to be a rubber prophylactic. The officer took the item from her. The officer knew from experience how heroin was frequently carried. As the officer took the container from the mother the appellant said, "I'll tell you where the rest of it is," and thereupon Aguilar directed the officer to a paper sack which contained certain heroin, a hypodermic outfit, and some plastic packages. The appellant freely admitted at a later date that the narcotics were his and that he was at that time a user of narcotics.

Appellant asserts that the evidence used in securing the conviction was the result of an illegal search and seizure and that the trial court erred in admitting the evidence and in denying his motion for a new trial.

There is no merit to either of the contentions raised by the appellant.

The arrest in the first instance was based upon the two outstanding warrants and was wholly proper. There was no necessity for the officer to have the warrant with him at the time of the arrest. (See Pen. Code, § 836, as amended in 1957.)

At the time of the arrest the officer saw that appellant in all probability must be guilty of an offense not concerned with those mentioned in the warrants, namely the possession of narcotics and the possession of a hypodermic outfit.

The officers were under no duty to ignore or blindfold themselves to that which was in their plain sight on the appellant's arm. (See *People* v. *Roberts*, 47 Cal.2d 374, 379 [303 P.2d 721] ; *People* v. *Ortiz*, 147 Cal.App.2d 248, 251-252 [305 P.2d 145].) It was quite apparent that Aguilar was at the least a user of narcotics which in and of itself is a misdemeanor. (Health & Saf. Code, § 11721.)

The search in this case was made as an incident to a lawful arrest, was reasonable, and was made in good faith. (See *People* v. *Coleman*, 134 Cal.App.2d 594, 599 [286 P.2d

582] ; *People* v. *Muniz,* 172 Cal.App.2d 688, 691 [342 P.2d 53].)

The fact that appellant was not arrested for any offense with reference to narcotics until after the search and the finding of the narcotics in the house is not particularly important. ▮ Where an arrest is lawful, a search incident thereto is not unlawful merely because it precedes rather than follows the arrest. (*People* v. *Ingle,* 53 Cal.2d 407, 413 [348 P.2d 577].)

▮ Appellant insists that under the circumstances the hypodermic marks should not have been held to constitute probable cause to believe that an offense had been committed. There is no merit to such a contention. (See *People* v. *Muniz, supra,* 172 Cal.App.2d 688; *People* v. *Robles,* 183 Cal.App.2d 212, 215 [6 Cal.Rptr. 748] ; *People* v. *Montes,* 146 Cal.App.2d 530, 533 [303 P.2d 1064] ; *People* v. *Garcia,* 122 Cal.App.2d Supp. 962, 964 [266 P.2d 233] ; Health & Saf. Code, § 11555.)

It is to be noted that in this case the appellant was in his own yard, a matter of 20 or 25 feet from the door to his house. (See *Trowbridge* v. *Superior Court,* 144 Cal.App.2d 13 [300 P.2d 222] ; *People* v. *Smith,* 166 Cal.App.2d 302 [333 P.2d 208] ; *People* v. *Cisneros,* 166 Cal.App.2d 100 [332 P.2d 376].)

▮ The officers having reasonable grounds for believing that an arrestee has committed an offense may search the entire premises under his control. (*People* v. *Guerrera,* 149 Cal.App.2d 133, 136 [307 P.2d 940] ; *People* v. *Dixon,* 46 Cal.2d 456, 459 [296 P.2d 557] ; *People* v. *Lawrence,* 149 Cal. App.2d 435, 445 [308 P.2d 821] ; *United States* v. *Pisano,* 193 F.2d 361-363.)

▮ The officers in this case had good reason to believe from what they saw that appellant was presently a user of narcotics, that he must recently have been in possession of narcotics and a hypodermic kit. It was proper and natural under the circumstances for the officer to look to the premises of the appellant for the contraband.

The judgment and the order denying the motion for a new trial are and each is affirmed.

Wood, P. J., and Lillie, J., concurred.